# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| MISSOURI INSURANCE COALITION, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>) Cause No.: _____<br>JOHN M. HUFF )<br>In his official capacity as Director of )<br>the Missouri Department of Insurance, )<br>Financial Institutions and Professional )<br>Registration, )<br>)<br>Defendant. ) | |

## PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER

COMES NOW Plaintiff, Missouri Insurance Coalition, and, pursuant to Rule 65 of the Federal Rules of Civil Procedure, moves for an immediate Temporary Restraining Order against Defendant. As grounds therefore, Plaintiff states as follows:

1. Concurrently herewith, Plaintiff filed its Verified Complaint For Temporary Injunctive Relief And Declaratory Judgment (the "Verified Complaint") seeking a declaration that the provisions of recently-enacted Section 376.1199 of the Missouri Revised Statutes be declared unconstitutional as conflicting with and being preempted by federal law, and requesting that the Defendant in his official capacity as head of the Department of Insurance, Financial Institutions and Professional Registration (the "DOI") be immediately enjoined from enforcing those provisions.

2. Plaintiff Missouri Insurance Coalition is a nonprofit governmental affairs and consumer education organization representing and promoting the interests of the insurance industry. Plaintiff's members include health insurers doing business in Missouri ("Member Insurers"). Plaintiff's health insurer members are some of the largest in the state of Missouri.

1872781.5

3. Plaintiff has standing to challenge the lawfulness of Section 376.1199, R.S. Mo. because, among other things: (a) the interests Plaintiff seeks to vindicate in this action are germane to its interest as an organization whose purposes include representing health insurers and improving the regulatory climate for insurers in Missouri; (b) Plaintiff's Member Insurers would have standing in their own right to bring this action because, among other things Member Insurers are suffering immediate or threatened injury from Defendant's actions in attempting to enforce a state law that conflicts with federal law; (c) direct participation by Member Insurers is not necessary to resolve the pure questions of law raised in this suit.

4. This Court has jurisdiction over this matter by reason of federal question jurisdiction, as Plaintiff seeks relief under the laws and Constitution of the United States.

5. Venue is appropriate in this Court because a substantial part of the events giving rise to the claim occurred in this District.

6. The Patient Protection and Affordable Care Act, Pub. L. No. 111-148, 124 Stat. 131 (2010) and implementing regulations ("PPACA") makeup a federal law which, among other things, requires health insurance issuers offering group or individual health insurance coverage to include in that coverage, without the imposition of cost sharing, benefits for certain preventative health services. These preventative health services include FDA-approved contraceptive methods as prescribed by a provider. Member Insurers are health insurers under PPACA and are subject to its provisions. There is no statutory or regulatory exemption applicable to Member Insurers which would allow Member Insurers to offer policies to groups and individuals that exclude contraceptive coverage.

7. After PPACA, the Missouri General Assembly enacted S.B. 749 ("Missouri's Contraception Coverage Law"), codified in relevant part in Section 376.1199, which, among other things, imposes requirements upon health insurance issuers, including that said insurers

2

must offer and issue to any person or entity a health benefit plan which excludes coverage for contraceptives if the provision of such contraceptives is contrary to the moral, ethical, or religious beliefs or tenets of such person or entity, and that such insurers must provide certain notices concerning rights Missouri's Contraception Coverage Law purports to grant.

8. Defendant John M. Huff is the duly appointed Director of the Missouri Department of Insurance, Financial Institutions and Professional Registration, whose duties pursuant to Chapters 354, 374-376, and 379 include supervision, regulation, and discipline of health insurance companies. Member Insurers are health carriers operating in the State of Missouri, and are subject to regulation by the DOI.

9. On September 14, 2012, the DOI issued Insurance Bulletin 12-02 (Ex. 1 to Verified Complaint), proclaiming that Section 376.1199, R.S. Mo., would become effective October 12, 2012, and advising that all health insurers in Missouri should "ensure compliance" with this law. On October 12, 2012, the DOI issued Insurance Bulletin 12-03 (Ex. 2 to Verified Complaint) and proclaimed, among other things, the requirements of Section 376.1199, R.S. Mo., and, further, declared that the DOI would only approve filings that are compliance with the same.

10. Subsequently, the DOI has taken actual enforcement actions against Missouri insurers (including Plaintiff's members), as detailed in the Verified Complaint (¶ 20).

11. The federal contraception coverage mandate in the PPACA preempts and conflicts with Missouri's Contraception Coverage Law. Member Insurers cannot simultaneously comply with the federal contraception coverage mandate under PPACA, and with Missouri's Contraception Coverage Law.

12. Under the Supremacy Clause of the United States Constitution, a state law conflicting with a federal law must yield to the federal law. Because Missouri's Contraception

3

Coverage Law conflicts with the federal contraception coverage mandate under PPACA, Missouri's Contraception Coverage Law is null, void, invalid, and unenforceable.

13. Missouri's Contraception Coverage Law also is preempted by the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, with respect to self-insured employee welfare benefit plans.

14. The Defendant's enforcement actions attempt to force Member Insurers to comply with an unenforceable law. Member Insurers cannot be forced to comply with an unenforceable law.

15. Plaintiff is entitled to a declaratory judgment that Missouri's Contraception Coverage Law is preempted by federal law and unenforceable under the Supremacy Clause of the U.S. Constitution. Plaintiff is further entitled to injunctive relief prohibiting the Defendant, and any officers, agents, servants, employees, attorneys, and anyone acting in active concert or participating with the foregoing, from enforcing or giving effect, or attempting to enforce or give effect, to Missouri's Contraception Coverage Law.

16. Plaintiff is likely to succeed on the merits because compliance with both federal and state regulations is impossible, and the state law stands as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress in the PPACA. The obligations imposed on Member Insurers by PPACA and Missouri's Contraception Coverage Law are irreconcilable. Further, Congress expressly provided that the coverage mandates in PPACA shall preempt contrary state laws. Missouri's Contraception Coverage Law is a contrary state law.

17. The threat of harm to Member Insurers if a restraining order does not issue is imminent and irreparable. Defendant has taken enforcement action to compel Member Insurers to comply with a state law that conflicts with federal law, effectively ordering Member Insurers to violate federal law, and thereby exposing Member Insurers to liability for failure to comply

4

with federal law. Defendant also has issued or threatened Member Insurers with substantial civil penalties, investigatory costs, and/or forfeiture for non-compliance with state law. Further, Defendant has instructed Member Insurers to discontinue issuing (and has refused to approve) policies and enrollment materials which are non-compliant (in its view) with Missouri's Contraceptive Coverage Law, thus hampering said Member Insurers' ability to conduct business. Defendant's actions, among other things, also jeopardize Member Insurers' goodwill with their customers and the public.

18. Since this is a preemption claim, the harm to Defendant is not relevant to the analysis of whether an injunction or restraining order is proper. Nevertheless, the issuance of the requested injunctive relief would not cause Defendant any harm. Missouri's Contraception Coverage Law is preempted by federal law, and Defendant has no right to enforce it in the first place. There is no conceivable harm to Defendant by merely preventing the Defendant from temporarily suspending their enforcement of an unconstitutional law. Even in the unlikely event that the Court ultimately concludes that the Missouri law is not preempted by the PPACA, Defendant may simply proceed with enforcement at that time. Plaintiff notes that, prior to S.B. 749, Section 376.1199 existed in substantially similar form for years. The DOI did not engage in the types of enforcement actions like it is now engaging after S.B. 749 became effective, despite the similarity in of the requirements in Section 376.1199 pre-S.B. 749.

19. Since this is a preemption claim, the public interest also is not relevant to the analysis of whether an injunction or restraining order is proper. Nevertheless, the public interest favors Plaintiff because it is in the public interest that state officials not enforce unconstitutional laws, particularly where said enforcement would remove from the marketplace critical products relied upon extensively by the public. The public also has an interest in receiving rights guaranteed by federal law and a receiving immediate clarity on this issue.

20. Plaintiff has no adequate remedy at law.

21. A Memorandum of Law in support of Plaintiff's Motion for a Temporary Restraining Order is filed concurrently herewith as an attachment to this Motion (Exhibit 1 hereto).

22. Plaintiff also files concurrently herewith as an attachment to this Motion its proposed Temporary Restraining Order (Exhibit 2 hereto).

WHEREFORE, Plaintiff requests that this Court enter a temporary restraining order in the form attached as Exhibit 2 against the Defendant in his official capacity as head of the Missouri Department of Insurance, and any officers, agents, servants, employees, attorneys, and anyone acting in active concert or participating with the foregoing, prohibiting any enforcement of any aspect of Missouri's Contraception Coverage Law.

Respectfully submitted,

**LEWIS, RICE & FINGERSH, L.C.**

By: /s/ David W. Gearhart
Neal F. Perryman, #43057MO
David W. Gearhart, #50292MO
600 Washington Avenue, Suite 2500
St. Louis, Missouri 63101
Telephone: 314-444-7600
Facsimile: 314-612-7394
E-mail: nperryman@lewisrice.com
E-mail: dgearhart@lewisrice.com

***Attorneys for Plaintiff***

# CERTIFICATE OF SERVICE

The undersigned certifies that a true and correct copy of the foregoing was served upon the following on this 19th day of December, 2012, in the following manner:

**Via Facsimile (573-751-1165) and Federal Express**
John M. Huff
Director
Missouri Department of Insurance
301 West High Street, Rm. 530
Jefferson City, MO 65101

Director, Missouri Department of Insurance


**Via E-mail and Federal Express**
Chris Koster
Missouri Attorney General
Supreme Court Building
207 West High St.
P.O. Box 899
Jefferson City, MO 65102
attorney.general@ago.mo.gov

Attorney General State of Missouri


**Via E-mail and Federal Express**
Stewart M. Freilich
Missouri Department of Insurance, Financial
Institutions and Professional Registration
301 West High Street, Room 530
Jefferson City, Missouri 65101
Stewart.freilich@insurance.mo.gov

Attorney for Insurance Market Regulation Div.
Missouri Department of Insurance

/s/ David W. Gearhart