## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MISSOURI

MISSOURI INSURANCE COALITION,      )
                                   )
            Plaintiff,             )
                                   )
    v.                             )        Cause No.: _____
                                   )
JOHN M. HUFF                       )
In his official capacity as Director of  )
the Missouri Department of Insurance,    )
Financial Institutions and Professional  )
Registration,                      )
                                   )
            Defendant.             )

### TEMPORARY RESTRAINING ORDER

This Court, having reviewed carefully the Verified Complaint of Plaintiff Missouri Insurance Coalition, the Motion of Plaintiff for a Temporary Restraining Order, the Memorandum in Support, and having heard argument of counsel for both parties, hereby GRANTS Plaintiff's Motion for a Temporary Restraining Order.

### FINDINGS

This Court hereby finds as follows:

1.      This Court has jurisdiction over this matter by reason of federal question jurisdiction, as Plaintiff seeks relief under the laws and Constitution of the United States.

2.      Venue is appropriate in this Court because a substantial part of the events giving rise to the claim occurred in this District.

3.      On December __, 2012, Plaintiff filed its Verified Complaint For Temporary Injunctive Relief And Declaratory Judgment seeking a declaration that the provisions of recently-enacted Missouri Senate Bill 749 (as codified in relevant part in Section 376.1199, R.S. Mo.) be declared unconstitutional as conflicting with and being preempted by federal law, and

1872779

Exhibit
2

requesting that the Defendant, in his official capacity as the head of the Department of Insurance, Financial Institutions and Professional Registration ("DOI") be immediately enjoined from enforcing that law.

4.     Plaintiff Missouri Insurance Coalition is a nonprofit governmental affairs and consumer education organization representing and promoting the interests of the insurance industry.  Plaintiff's members include health insurers doing business in Missouri ("Member Insurers").  Plaintiff's Member Insurers are some of the largest health insurers in the state of Missouri, and insure hundreds of thousands of Missouri insureds in this District.

5.     The Patient Protection and Affordable Care Act, Pub. L. No. 111-148, 124 Stat. 131 (2010), and its implementing regulations ("PPACA") comprise a federal law which, among other things, requires health insurance issuers offering group or individual health insurance coverage to include in that coverage, without the imposition of cost sharing, benefits for certain preventative health services.   These preventative health services include FDA-approved contraceptive methods as prescribed by a provider.  Member Insurers are health insurers under PPACA and are subject to its provisions.   There is no statutory or regulatory exemption applicable to Member Insurers which would allow Member Insurers to offer policies to groups and individuals that exclude contraception coverage.

6.     The Missouri General Assembly subsequently enacted S.B. 749 ("Missouri's Contraception Coverage Law"), which, among other things, and as codified in Section 376.1199, requires health insurance issuers to offer and issue to any person or entity a health benefit plan which excludes coverage for contraceptives if the provision of such contraceptives is contrary to the moral, ethical, or religious beliefs or tenets of such person or entity, and that such insurers

must provide certain notices concerning rights Missouri's Contraception Coverage Law purports to grant.

7.    Defendant John M. Huff is the duly appointed Director of the Missouri Department of Insurance, Financial Institutions and Professional Registration, whose duties pursuant to Chapters 354, 374-376, and 379 include supervision, regulation, and discipline of health insurance companies.  Member Insurers are health carriers operating in the State of Missouri, and are subject to regulation by the DOI.

8.    On September 14, 2012, the DOI issued Insurance Bulletin 12-02, proclaiming that Section 376.1199, R.S. Mo., will become effective October 12, 2012, and advising that all health insurers in Missouri should "ensure compliance" with this law.

9.    On October 12, 2012, the DOI issued Insurance Bulletin 12-03 and proclaimed, among other things, the requirements of Section 376.1199, R.S. Mo., and, further, declared that the DOI will only approve filings that are in compliance with the same.

10.    Subsequently, the DOI has taken actual enforcement actions against Missouri insurers (including Plaintiff's Member Insurers) which include, among other things, the following:

- filing an enforcement action, and entering orders, against at least one of Plaintiff's Member Insurers, based on allegations that such insurer violated and continues to violate Missouri's Contraception Coverage Law, and requesting, among other things, such insurer to pay civil penalties or risk forfeiture relating to such purported violations;

- threatening additional enforcement action against other health insurers, including Plaintiff's Member Insurers;

- forcing health insurers, including Plaintiff's Member Insurers, to respond to market conduct interrogatories by, among other things, detailing the steps taken to comply (and to provide verifying evidence of compliance) with Missouri's Contraception Coverage Law pursuant to Section 374.190, R.S. Mo.; and

3

- refusing to approve group contracts, employer applications, and enrollment forms filed with the DOI, including by Member Insurers, unless such documents comply with Missouri's Contraception Coverage Law.

11.    It is the DOI's position that Missouri law requires health insurers to issue to any person or entity purchasing a plan that provides obstetrical/gynecological benefits and prescription drug benefits, a plan that excludes coverage for contraceptives if the use of contraceptives is contrary to the moral, ethical or religious beliefs or tenets of the person or entity pursuant to Section 376.1199.

12.    It is the DOI's position that an insurer's failure to fully comply with Section 376.1199.6 constitutes unlawful misrepresentation, concealment, and suppression of material facts from policy holders and applicants about their rights under Section 376.1199, including the right to exclude contraceptive coverage.

13.    It is the DOI's position that civil penalties and costs of investigation can be obtained against an insurer which does not comply with Missouri's Contraception Coverage Law.

14.    Under the Supremacy Clause of the United States Constitution, a state law conflicting with a federal law must yield to the federal law.  Plaintiff contends that because Missouri's Contraception Coverage Law conflicts with the federal contraception coverage mandate under PPACA, Missouri's Contraception Coverage Law is null, void, and invalid, and cannot be enforced.

15.    Plaintiff seeks a declaratory judgment that Missouri's Contraception Coverage Law is preempted by federal law and unenforceable under the Supremacy Clause of the U.S. Constitution, and injunctive relief immediately prohibiting the Director, in his official capacity as head of the DOI, and any officers, agents, servants, employees, attorneys, and anyone acting in

4

active concert or participating with any of the foregoing, from enforcing, or attempting to enforce, Missouri's Contraception Coverage Law.

16.    Plaintiff is likely to succeed on the merits of its claim for declaratory judgment and preliminary and permanent injunctive relief given what appears to be an irreconcilable conflict between PPACA and Missouri's Contraception Coverage Law.

17.    The threat of harm to Member Insurers if this Order does not issue is imminent and irreparable including, but not limited to: Member Insurers will be compelled to violate PPACA should Plaintiff's members continue to be compelled to comply with Missouri's Contraception Coverage Law thereby exposing Plaintiff's members to further penalties and damages under federal law; Member Insurers will be under threat of substantial monetary penalties by Defendant for any failure to comply with the Missouri law; damage to Member Insurers' reputation and goodwill occasioned by the mere institution of Defendant's enforcement actions and any allegations of wrongdoing; expenses and costs associated with defending against Defendant's enforcement actions and/or otherwise complying with Missouri's Contraception Coverage Law as enforced by Defendant, including incurring significant compliance burdens and expense such as amending and changing policies, contracts, and related forms and instituting processes, systems, and compliance measures.

18.    Plaintiff's Member Insurers have no adequate remedy at law for such injuries. Among other things, if the laws unconstitutionally conflict, Plaintiff's Member Insurers cannot comply with both federal and state law at the same time, and there is no adequate legal remedy to rectify being compelled to violate federal law or to adhere to an unconstitutional law.  Plaintiff's Member Insurers also have no legal or monetary recourse against Defendant to recover if Defendant is wrong in enforcing Missouri's Contraception Coverage Law.

19.     Since this is a preemption claim, the harm to Defendant is not relevant to the analysis of whether an injunction or restraining order is proper.  Nevertheless, the issuance of the requested injunctive relief would not cause Defendant any harm.  If Missouri's Contraception Coverage Law is preempted by federal law, Defendant has no right to enforce it in the first place. There also is no conceivable harm to Defendant if it must temporarily suspend its enforcement of an unconstitutional law.   In the event that the Court ultimately concludes the Missouri Contraption Coverage Law is not preempted by PPACA, Defendant may simply proceed with enforcement at that time.

20.     This Court also notes that prior to S.B. 749, Section 376.1199 existed in substantially similar form as Section 376.1199 exists as enacted in S.B. 749.  Nevertheless, Defendant did not engage in similar enforcement actions with respect to former Section 376.1199 (and, in fact, approved forms and filings for usage after August 1, 2012 – the effective date of the contraception mandate in PPACA – which only complied with PPACA, not with the requirements of pre-S.B. Section 376.1199).  Thus, Defendant historically has not consistently sought to enforce the requirements of Section 376.1199 as it is doing now, despite the substantially similar requirements in Section 376.1199 both pre and post-S.B. 749.   An additional temporary cessation of enforcement until final resolution of this action thus will not harm the Defendant.

21.     Since this is a preemption claim, the public interest factor also is not relevant to the analysis of whether an injunction or restraining order is proper.  Nevertheless, the public interest favors Plaintiff because it is in the public interest that state officials not enforce unconstitutional laws, particularly where said enforcement could remove from the marketplace critical products relied upon extensively by the public.  Further, this Court finds that Missouri

insurers (including Member Insurers), employers and insureds will all benefit from immediate clarity on the relationship between PPACA and Missouri's Contraception Coverage Law.

## ORDER

In accordance with Rule 65 of the Federal Rules of Civil Procedure and based upon the foregoing Findings and all information before this Court, it is hereby Ordered as follows:

1.      That the Defendant in his official capacity as head of the Missouri Department of Insurance, Financial Institutions and Professional Registration, and any officers, agents, servants, employees, attorneys, and anyone acting in active concert or participating with any of the foregoing, be enjoined immediately from enforcing in any manner any aspect of Missouri's Contraception Coverage Law as codified in Section 376.1199, R.S. Mo.

2.      This Temporary Restraining Order shall be effective immediately and, for good cause shown, shall remain in full force and effect until any further order of Court.

3.      This Court also concludes that this Temporary Restraining Order has been entered with notice to Defendant and shall be binding upon Defendant in his official capacity as the head of the Missouri Department of Insurance, and all officers, agents, servants, employees and attorneys and upon any persons acting in concert or participation with any of them who receive actual notice of this Order by personal service or otherwise.

SO ORDERED:

_____                   _____
The Honorable                                       Date
United States District Court Judge
Eastern District of Missouri