IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| MISSOURI INSURANCE COALITION, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> JOHN M. HUFF ) <br> In his official capacity as Director of ) <br> the Missouri Department of Insurance, ) <br> Financial Institutions and Professional ) <br> Registration, ) <br> ) <br> Defendant. ) | Cause No.: _____ |

## **PLAINTIFF'S MOTION FOR BOND**

COMES NOW Plaintiff Missouri Insurance Coalition, and, for its Motion for Bond, states as follows:

1. The background to this dispute and Plaintiff's Motion for a Temporary Restraining Order are more fully set forth in Plaintiff's Motion, the Memorandum in Support and the Verified Complaint filed in this matter, which all are incorporated herein by reference.

2. This Court should require a nominal bond of $1.00 to be posted in order for the Temporary Restraining Order to be issued because the Temporary Retaining Order sought will not cause any harm to Defendant.

3. Since this is a preemption claim, the harm to Defendant is not relevant to the analysis of whether an injunction or restraining order is proper. *Bank One, N.A. v. Guttau*, 190 F.3d 844, 847 (8th Cir. 1999). Where, as here, a plaintiff establishes that a state law is preempted by federal law and the plaintiff "will suffer irreparable harm if the State is not enjoined from enforcing those provisions, then the question of harm to the State and the matter of the public interest drop from the case, for [the plaintiff] will be entitled to injunctive relief no

matter what the harm to the State, and the public interest will perforce be served by enjoining the enforcement of the invalid provisions of state law." *Id.* at 847-48. Therefore, only a nominal bond of $1.00 is necessary.

4. Further, even if any potential harm to Defendant is considered, Defendant will not be harmed from the issuance of a TRO. If the Missouri law that Defendant now is attempting to enforce against health insurers is unconstitutional because it is preempted by federal law, as claimed by Plaintiff, Defendant has no right to enforce the state law in the first place. *See White v. Martin*, 2002 U.S. Dist. LEXIS 27281, at *22 (W.D. Mo. Oct. 3, 2002) ("Compliance with the law does not pose a burden on a defendant."). Further, there is no conceivable harm to Defendant by merely preventing Defendant (and other Missouri state officials) from temporarily suspending their enforcement of a potentially unconstitutional law.

5. Plaintiff indeed notes that the Missouri requirements now being enforced by the DOI under the post-S.B. 749 version of Section 376.1199 existed in substantially similar form even prior to the current iteration of Section 376.1199 (pre-S.B. 749). Nevertheless, the DOI did not institute such enforcement actions in line with its current interpretation of Section 376.1199 to the best of Plaintiff's knowledge, thus demonstrating the lack of any significant harm to Defendant from temporary non-enforcement now. Indeed, following the effective date of the contraceptive coverage mandate in PPACA (August 1, 2012), the DOI actually approved PPACA compliant enrollment/application forms (for use in August and September 2012) as also being compliant with Missouri Law (when pre-S.B. 749 Section 376.1199 existed) which forms the DOI *now* interprets to violate current Section 376.1199 (post-S.B. 749) and serve as a basis for enforcement actions. In sum, the DOI (for years and as late as August and September 2012) did not enforce the requirements of Section 376.1199 as it is doing now (despite Section

376.1199 not being substantially altered by S.B. 749) and, thus, a temporary cessation of further enforcement actions pending resolution of this lawsuit will not harm Defendant.

6. Because there would be no conceivable costs or damages that would be sustained by Defendant upon issuance of the TRO, Plaintiff respectfully requests that the TRO be issued upon the posting by Plaintiffs of security in the amount of no more than one dollar. *See Lankford v. Sherman*, 2007 U.S. Dist. LEXIS 14950, *15-16 (W.D. Mo. Mar. 2, 2007) (noting that a court may determine the amount of a security as it "deems proper" and ordering the plaintiffs to post a bond of one dollar); *see also Planned Parenthood Az., Inc. v. Betlach*, 2012 U.S. Dist. LEXIS 150596 (D. Ariz. Oct. 19, 2012) (in entering a preliminary injunction based on a challenge to a state law based on violation of federal law, court ordered a $100 nominal bond).

7. A proposed Bond Order is attached as <u>Exhibit 1</u>.

WHEREFORE, Plaintiff respectfully requests that the TRO be issued upon posting by Plaintiff of security in the amount of no more than one dollar and for such other relief as is just and proper.

Respectfully submitted,

**LEWIS, RICE & FINGERSH, L.C.**

By: /s/ David W. Gearhart
Neal F. Perryman, #43057MO
David W. Gearhart, #50292MO
600 Washington Avenue, Suite 2500
St. Louis, Missouri 63101
Telephone: 314-444-7600
Facsimile: 314-612-7394
E-mail: nperryman@lewisrice.com
E-mail: dgearhart@lewisrice.com

***Attorneys for Plaintiff***

3

# CERTIFICATE OF SERVICE

The undersigned certifies that a true and correct copy of the foregoing was served upon the following on this 19th day of December, 2012, in the following manner:

**Via Facsimile (573-751-1165) and Federal Express**
John M. Huff
Director
Missouri Department of Insurance
301 West High Street, Rm. 530
Jefferson City, MO 65101

Director, Missouri Department of Insurance


**Via E-mail and Federal Express**
Chris Koster
Missouri Attorney General
Supreme Court Building
207 West High St.
P.O. Box 899
Jefferson City, MO 65102
attorney.general@ago.mo.gov

Attorney General State of Missouri


**Via E-mail and Federal Express**
Stewart M. Freilich
Missouri Department of Insurance, Financial
Institutions and Professional Registration
301 West High Street, Room 530
Jefferson City, Missouri 65101
Stewart.freilich@insurance.mo.gov

Attorneys for Insurance Market Regulation Div.
Missouri Department of Insurance

/s/ David W. Gearhart