UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MISSOURI INSURANCE COALITION, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:12CV02354 AGF |
| | ) |
| | ) |
| JOHN M. HUFF, in his capacity as Director | ) |
| of the Missouri Department of Insurance, | ) |
| Financial Institutions and Professional | ) |
| Registration, | ) |
| | ) |
| Defendant. | ) |

## **TEMPORARY RESTRAINING ORDER**

This Court, having reviewed the Verified Complaint of Plaintiff Missouri Insurance

Coalition, the Motion of Plaintiff for a Temporary Restraining Order ("TRO"), and supporting

documentation, and having heard argument of counsel for both parties on the record on this day

and having reviewed the hearing exhibits admitted into evidence, hereby **GRANTS** Plaintiff's

Motion for a TRO (Doc. No. 3).

### **Findings of Fact and Conclusions of Law**

1. This Court has jurisdiction over this matter by reason of federal question jurisdiction, as

Plaintiff seeks relief under the Constitution of the United States.

2. The parties have agreed that if otherwise appropriate, a TRO can be issued without first

resolving the questions of venue and standing that Defendant has raised.[1]

---

[1]    Plaintiff has filed a memorandum and cites case law related to standing that appears
to support its standing to bring this action. Although not resolving the issue at this early

3.     On December 19, 2012, Plaintiff filed its Complaint For Temporary Injunctive Relief and Declaratory Judgment seeking a declaration that portions of recently-enacted Missouri Revised Statues §376.1199 ("Missouri's Contraception Coverage Law") be declared unconstitutional as conflicting with and being preempted by federal law, and requesting that Defendant John Huff, in his official capacity as the head of the Department of Insurance, Financial Institutions and Professional Registration ("DOI") be immediately enjoined from enforcing those portions of the statute.

4.     Plaintiff is a nonprofit corporation whose purpose is to promote the interests of the insurance industry. Plaintiff's members include health insurers doing business in Missouri ("Member Insurers"). The Member Insurers insure hundreds of thousands of insureds in this District.

5.     The Patient Protection and Affordable Care Act, Pub. L. No. 111-148 (Mar. 23, 2010), and its implementing regulations ("PPACA") comprise a federal law that, among other things, requires health insurance issuers offering group or individual health insurance coverage to include in that coverage, without the imposition of cost sharing, benefits for certain preventative health services. 42 U.S.C. §300gg-13(a). These preventative health services include FDA-approved contraceptive methods as prescribed by a provider. Plaintiff's Member Insurers are health insurance issuers under the PPACA and are subject to its provisions. There is no federal statutory or regulatory exemption applicable to the Member Insurers that would allow

---

juncture, the Court has also located case law suggesting that Plaintiff's corporate structure -- the sole impediment raised by Defendant -- does not preclude standing. *See The Environmental Conservation Org. v. The City of Dallas*, No. 3-03-CV-2951-BD, 2005 WL 1771289 (N.D. Tex. 2005).

them to offer policies to groups and individuals that exclude contraception coverage.

6.     On September 12, 2012, the Missouri General Assembly enacted § 376.1199, which, among other things, requires health insurers to offer and issue to any person or entity a health benefit plan which excludes coverage for contraceptives if the provision of such contraceptives is contrary to the moral, ethical, or religious beliefs or tenets of such person or entity, and that such insurers must provide certain notices concerning rights that § 376.1199 grants to individuals and entities on this matter.

7.     Defendant's statutory duties include supervision, regulation, and discipline of health insurance companies in Missouri. Plaintiff's Member Insurers and are subject to regulation by the DOI.

8.     On September 14, 2012, the DOl issued Insurance Bulletin 12-02, proclaiming that § 376.1199 would become effective October 12, 2012, and advising that all health insurers in Missouri should "ensure compliance" with this law.

9.     On October 12, 2012, the DOI issued Insurance Bulletin 12-03 and proclaimed, among other things, the requirements of § 376.1199 and further declared that the DOI will only approve filings that are in compliance with the requirements.

10.     Subsequently, the DOI has taken enforcement actions against Missouri insurers (including Plaintiff's Member Insurers) which include, among other things, the following:

Filing an enforcement action and entering a cease and desist order against at least one of Plaintiff's Member Insurers in this District, based on allegations that such insurer was in violation of § 376.1199 and engaging in fraud. The DOI noted that the insurer could be held liable for civil penalties or risk forfeiture relating to such violations;

3

Threatening additional enforcement action against other health insurers, including Plaintiff's Member Insurers;

Requiring health insurers, including Plaintiff's Member Insurers, to respond to market-conduct interrogatories by detailing the steps taken to comply, and to provide verifying evidence of compliance, with § 376.1199;

Refusing to approve group contracts, employer applications, and enrollment forms filed with the DOI, including by Plaintiff's Member Insurers, unless such documents comply with §376.1199.

11.     It is the DOI's position that Missouri law requires health insurers to issue to any person or entity purchasing a plan that provides obstetrical/gynecological benefits and prescription drug benefits, a plan that excludes coverage for contraceptives if the use of contraceptives is contrary to the moral, ethical, or religious beliefs or tenets of the person or entity pursuant to § 376.1199.

12.     It is the DOI's position that an insurer's failure to comply with § 376.1199.6 constitutes unlawful misrepresentation, concealment, and suppression of material facts from policy holders and applicants about their rights under § 376.1199, including the right to exclude contraceptive coverage.

13.     It is the DOI's position that civil penalties and costs of investigation can be obtained against an insurer that does not comply with § 376.1199. At the hearing, Defendant stated that he could not agree to waive the accrual of penalties pending a preliminary injunction hearing.

14.     Under the Supremacy Clause of the United States Constitution, a state law conflicting with a federal law must yield to the federal law. Plaintiff contends that because § 376.1199 conflicts with the federal contraception coverage mandate the PPACA, § 376.1199 is null, void,

4

and invalid, and cannot be enforced.

15. Plaintiff seeks a declaratory judgment that § 376.1199 is preempted by federal law and unenforceable under the Supremacy Clause of the United States Constitution, and injunctive relief immediately prohibiting Defendant and any officers, agents, servants, employees, attorneys, and anyone acting in active concert or participating with any of the foregoing, from enforcing, or attempting to enforce § 376.1199.

16. Plaintiff is likely to succeed on the merits of its claim for declaratory judgment and preliminary and permanent injunctive relief given what appears to be an irreconcilable conflict between the PPACA and those portions of § 376.1199. At the hearing, Defendant could offer no response to how there would not be a direct conflict between PPACA and § 376.1199 if a Member Insurer offered health a insurance plan that acquiesced to an employer's decision to not offer contraceptive coverage.

17. The threat of harm to Plaintiff's Member Insurers if a TRO is not issued is imminent and irreparable including, but not limited to:

Member Insurers being compelled to violate the PPACA should they continue to be compelled to comply with § 376.1199, thereby exposing the Member Insurers to penalties and damages under federal law;

Member Insurers being under threat of monetary penalties by Defendant for any failure to comply with § 376.1199;

Damage to Member Insurers' reputation and goodwill occasioned by the institution of Defendant's enforcement actions, including allegations of fraudulent wrongdoing, which Defendant has admitted are a matter of public record;

5

Incurring expenses and costs associated with defending against Defendant's enforcement actions and/or otherwise complying with § 376.1199, including the costs of amending and changing policies, contracts, and related forms, and instituting processes, systems, and compliance measures.

18.     Plaintiff's Member Insurers have no adequate remedy at law for such injuries. If the state and federal laws are in conflict, Plaintiff's Member Insurers are placed in an untenable position as they cannot comply with both statutes at the same time, and there is no adequate legal remedy to rectify being compelled to violate federal law or to adhere to a conflicting state law. Plaintiff's Member Insurers also have no legal or monetary recourse against Defendant if Defendant is wrong in enforcing § 376.1199.

19.     Because this is a preemption claim, the harm to Defendant is not a heavily-weighted factor in considering whether a TRO is proper. Nevertheless, the issuance of the requested TRO would not cause significant harm to Defendant. If § 376.1199 is preempted by federal law, Defendant has no right to enforce it. Given Defendant's apparent lack of enforcement of a precursor to § 376.1199 with similar provisions, there also is little harm to Defendant if it must temporarily suspend its enforcement in the event that the Court ultimately concludes that § 376.1199 is not preempted by the PPACA, and Defendant will be able to proceed with enforcement at that time.

20.     Because this is a preemption claim, the public interest is also not a heavily-weighted factor. The Court notes that the issue here is not whether it is or is not proper either to require contraceptive coverage or to require that insurers allow one to opt out of contraceptive coverage. The Court recognizes the interest of the State of Missouri in making this judgment and in enforcing its laws. But as Defendant recognizes, the State may not do so in a manner that

6

violates the Supremacy Clause. In this context, the public interest is best served by permitting a prompt resolution of whether a conflict exists between the two statues. The public interest favors Plaintiff because Missouri insurers (including Plaintiff's Member Insurers), employers, insureds, and beneficiaries should not be subjected to continued uncertainty regarding compliance with two conflicting statutes.

## ORDER

In accordance with Rule 65 of the Federal Rules of Civil Procedure and based upon the foregoing Findings and Conclusions,

**IT IS HEREBY ORDERED** that Defendant and any officers, agents, servants, employees, attorneys, and anyone acting in active concert or participating with him or each other, are enjoined immediately from enforcing § 376.1199.4 and related subsections (5 and 6) of Missouri Revised Statute § 376.1199. The DOI may approve policy forms that are complaint with § 376.1199.4 and related subsections, but may not disapprove on those grounds.

**IT IS FURTHER ORDERED** that this Temporary Restraining Order shall be effective immediately and, for good cause shown, shall remain in full force and effect until any further Order of the Court. This Temporary Restraining Order has been entered with notice to Defendant and shall be binding upon Defendant and all officers, agents, servants, employees, and attorneys, and upon any persons acting in concert or participation with him or any of them who receive actual notice of this Temporary Restraining Order by personal service or otherwise.

**IT IS FURTHER ORDERED** that Plaintiff's motion for a nominal bond is **GRANTED** to the extent that Plaintiff shall deposit a bond in the amount of $100 with the Clerk of Court. (Doc. No. 5.)

7

**IT IS FURTHER ORDERED** that a Preliminary Injunction hearing shall be set by

separate Order. At such hearing, the issues of venue and standing will be addressed, as well as

the substantive merits of the case.

AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 21st day of December, 2012
2:40 p.m.