# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MISSOURI

MISSOURI INSURANCE COALITION, )
a Missouri non-profit corporation, )
)
and )
)
HEALTHY ALLIANCE LIFE )
INSURANCE COMPANY, )
a Missouri corporation, )
)
and )
) Cause No.: 4:12-cv-02354-AGF
HMO MISSOURI, INC. )
a Missouri corporation, )
)
      Plaintiffs, )
)
v. )
)
JOHN M. HUFF )
in his official capacity as Director of )
the Missouri Department of Insurance, )
Financial Institutions and Professional )
Registration, )
)
      Defendant. )

## SECOND AMENDED VERIFIED COMPLAINT FOR TEMPORARY AND PERMANENT INJUNCTIVE RELIEF AND DECLARATORY JUDGMENT

### I.    PRELIMINARY STATEMENT

Plaintiffs file this Verified Second Amended Complaint ("Verified Amended Complaint") to enjoin Defendant John M. Huff and all other persons acting on behalf of the Missouri Department of Insurance, Financial Institutions and Professional Registration (the "DOI" or "Defendant") from giving effect or otherwise enforcing Section 376.1199, R.S. Mo., which (among other things) requires insurers (according to the DOI) to honor requests by enrollees and employers to elect *out* of contraception coverage. Significant sanctions (and threats of the same) against members of Plaintiff Missouri Insurance Coalition ("MIC"),

1881859.5

including Plaintiff Healthy Alliance Life Insurance Company ("HALIC") and Plaintiff HMO Missouri, Inc. ("HMO MO") have been sought, including penalties which threaten the ability of HALIC, HMO MO, and other MIC's members to continue to sell and market health insurance policies in this State to many thousands of insureds. However, the state law the DOI seeks to enforce conflicts directly with federal law. Specifically, MIC's health insurer members, including Plaintiffs HALIC and HMO MO, are concurrently obligated to comply with a federal mandate and *must* cover certain contraception methods for individuals and employees insured under health plans, based on Section 2713 of The Patient Protection and Affordable Care Act, Pub. L. No. 111-148, 124 Stat. 131 (2010), and implementing regulations ("PPACA"). There is no "opt out" under PPACA for such insurers.

Plaintiffs thus have no choice but to file this suit for protection of HALIC, HMO MO, and MIC's other health insurer members. MIC's members and the other Plaintiffs strive to comply with *all* applicable laws, but they face the untenable situation of being required to comply with (and even charged with misconduct under) state laws which conflict with federal law. That conflict between state and federal law, if left unresolved, will, among other things, cause continued confusion for not only Plaintiffs, but also insureds, employers, and state and federal regulators of employers and insurance companies in Missouri.

Respectfully, Plaintiffs submit that, by virtue of such conflict, federal law prevails, per the United States Constitution. Plaintiffs thus petition this Court for injunctive and declaratory relief based on federal law preemption and the Supremacy Clause of the United States Constitution.

Importantly, Plaintiffs espouse no opinion on the policy rationales behind PPACA or the conflicting Missouri law. Legislators duly enacted both laws, and health insurers would comply with both if they could. However, by virtue of the current enforcement actions taken by the DOI

against HALIC and HMO MO, other health insurer members of the MIC, and other health insurers in Missouri, the DOI has placed them in an impossible position: they must comply with state law to continue to operate and sell policies (or face very serious penalties for not doing so), but in so complying with state law, they will risk exposure under federal law (which has its own potential penalties and legal risks to MIC's members, including HALIC and HMO MO). Immediate relief from this Court is both necessary and appropriate.

## II. PARTIES, JURISDICTION AND VENUE

1. Plaintiff Missouri Insurance Coalition is a nonprofit governmental affairs and consumer education organization representing and promoting the interests of the insurance industry. MIC's members include health insurers doing business in Missouri. Indeed, MIC's health insurer members are some of the largest in the state of Missouri and, when viewed collectively, provide health benefits to hundreds of thousands of Missouri insureds, and thousands of Missouri employers.

2. MIC has standing to challenge the lawfulness of Section 376.1199, R.S. Mo. because the interests MIC seeks to vindicate in this action are germane to its interest as an organization with a purpose of representing health insurers and improving the regulatory climate for insurers, and MIC seeks only declaratory and injunctive relief.

3. MIC's members would have standing in their own right to bring this action because one or more of MIC's members are suffering immediate or threatened injury from Defendant's actions in attempting to enforce against MIC's members a state law that conflicts with federal law. As a result of such enforcement actions by Defendant, which are presently ongoing, one or more of MIC's members face the immediate threat of the imposition of substantial monetary and other penalties if such members do not comply with the Missouri state law that directly conflicts with federal law. Defendant's enforcement actions also directly

3

interfere with MIC's members' ability to continue to sell and market health insurance policies in this State to many thousands of insureds. Moreover, MIC's members must comply with federal law or face substantial penalties and damages, and Defendant's enforcement and threatened enforcement actions further expose one or more of MIC's members to substantial penalties and damages under federal law.

4. The immediate and threatened injuries to MIC's members are directly traceable to the challenged action of Defendant because such injuries are a direct result of Defendant's action enforcing a state law that directly conflicts with federal law.

5. The injury to one or more of MIC's members as a result of Defendant's enforcement actions will be redressed by a favorable decision by this Court, which will declare that the State law attempting to be enforced by Defendant is unconstitutional under the federal Supremacy Clause, and/or otherwise preempted, and will enjoin Defendant from enforcing such conflicting State law.

6. Although MIC's members would have standing in their own right to bring this action addressed herein based on Defendant's actual and threatened enforcement actions, neither the claims nor the relief requested by MIC requires the participation of individual members of MIC in this lawsuit. Indeed, MIC is only seeking declaratory and injunctive relief in this action based on pure questions of law. As such, the requested relief will not require any individual inquiries of any of MIC's members to ascertain individual damages.

7. Plaintiff Healthy Alliance Life Insurance Company ("HALIC") is a domestic life and health insurance company organized pursuant to the laws of the State of Missouri and transacting insurance business in the State of Missouri pursuant to a certificate of authority issued by the Director of the DOI. HALIC also qualifies as a health insurance issuer under PPACA. Per Defendant's data, for 2011, HALIC was the largest group and second largest

individual health and accident insurer in terms of market share in Missouri. HALIC is a member of Plaintiff Missouri Insurance Coalition and has been targeted for actual enforcement of Section 376.1199, R.S. Mo. by Defendant.

8. HMO Missouri, Inc. ("HMO MO") is a domestic health maintenance organization organized pursuant to the laws of the State of Missouri and transacting insurance business in the State of Missouri pursuant to a certificate of authority issued by the Director of the DOI. HMO MO also qualifies as a health insurance issuer under PPACA. Per Defendant's data, for 2011, HMO MO was the sixth largest HMO insurer in terms of market share in Missouri. HMO MO is a member of Plaintiff Missouri Insurance Coalition and has been targeted for actual enforcement of Section 376.1199, R.S. Mo. by Defendant.

9. John M. Huff is the duly appointed Director of the DOI, whose duties pursuant to Chapters 354, 374-376, and 379 include supervision, regulation, and discipline of health insurance companies throughout the entire State of Missouri. The Defendant is sued in his official capacity only because he is the state official with ultimate responsibility for administering and enforcing the provisions of Section 376.1199, R.S. Mo. The relief requested in this action is sought against the Defendant, as well as any subordinate officers, employees, agents, and other persons acting in cooperation with him, under his supervision, or under the control of him or the DOI, or anyone acting in concert or participation with the foregoing.

10. This Court has jurisdiction over the subject matter of this suit pursuant to 28 U.S.C. § 1331, because the case raises questions arising under the Supremacy Clause of the U.S. Constitution (art. VI, cl. 2), PPACA, and The Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. §§ 1001, et seq., all of which are federal laws and, thus, involve federal questions. *See Shaw v. Delta Airlines, Inc.*, 463 U.S. 85, 96 n.14 (1983).

Plaintiffs seek a declaration of its rights in this case of actual controversy, which are within the Court's jurisdiction pursuant to 28 U.S.C. §§ 2201-2202.

11. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because, among other things: the Defendant is a state official who performs his official duties in this judicial district and thus resides in this district for purposes of venue; and, because a substantial part of the events or omissions giving rise to the claims occurred in this District. Among other things, HALIC and HMO MO conduct a substantial amount of business in this district, both are headquartered in this district, and both write and issue policies and related documents in this district. As such, the Defendant's actual and threatened enforcement actions will impact Plaintiffs' insurance activity in this district. Further, the effects of any DOI enforcement action, if allowed to proceed, will affect hundreds of thousands of Missouri insureds and thousands of employers in this District.

### III.  THE PATIENT PROTECTION AND AFFORDABLE CARE ACT

12. Section 2713 of PPACA provides in relevant part that, for all non-grandfathered health plans for plan years beginning on and after September 23, 2010, group health plans and health insurance issuers offering group or individual health insurance coverage *shall* provide coverage for certain preventative health services without the imposition of "cost sharing."

13. These preventative services include, with respect to women, preventative care and screening provided for in the comprehensive guidelines supported by the Health Resources and Services Administration that were issued on August 1, 2011 ("HRSA Guidelines").

14. As relevant here, the HRSA Guidelines require coverage, without cost sharing, for all FDA approved contraceptive methods as prescribed by a provider.

15. The foregoing requirements are specifically incorporated into the following regulations: 29 CFR 2590.715-2713(a)(iv) (ERISA); 26 CFR 54.9815-2713T(a)(iv) (IRS Code); 45 CFR 147.130(a)(iv) (Public Health Service Act).

16. Other than (potentially) group health plans established and maintained by certain religious employers (*see* 76 Fed. Reg. 46,621), there currently is no statutory or regulatory exemption (or permissible "opt out") from this federal mandate of contraceptive coverage for health insurance issuers, such as HALIC and HMO MO or MIC's other insurer members.

### IV. MISSOURI'S CONFLICTING CONTRACEPTION COVERAGE LAW

17. The Missouri General Assembly voted to override the Missouri Governor's veto of Senate Bill 749 ("S.B. 749"), on September 12, 2012.

18. In relevant part, S.B. 749 repealed Section 376.1199, R.S. Mo., and replaced it with a slightly altered 376.1199. S.B. 749 also enacted a new statutory section, Section 191.724, R.S. Mo. Sections 376.1199 and 191.724 are collectively referred to herein as "Missouri's Contraception Coverage Law."

19. Among other things, Missouri's Contraception Coverage Law provides as follows (hereafter, the "Conflicting Requirements"):

(1) no employee, self-employed person, or any other person shall be compelled to obtain coverage for ... contraception ... in a health plan if such items ... are contrary to the religious beliefs or moral convictions of such employee or person. 191.724.1(2);

(2) no employer ... or any other person or entity shall be compelled to provide coverage for ... contraception ... in a health plan if such items ... are contrary to the religious beliefs or moral convictions of such employer. 191.724.1(3);

(3) requires that any health insurance company offer and issue to any person or entity a health benefit plan which excludes coverage for contraceptives if the provision of such contraceptives is contrary to the moral, ethical, or religious beliefs or tenets of such person or entity. 376.1199.4(1);

7

(4) upon the request of an enrollee who is a member of a group health benefit plan and who states that the use or provision of contraceptives is contrary to his or her moral, ethical or religious beliefs, any health insurance company shall issue to or on behalf of an enrollee a policy which excludes coverage for contraceptives. 376.1199.4(2);

(5) except in certain situations not relevant here, a health insurance carrier must allow enrollees in a health benefit plan which excludes contraceptives pursuant to Subsection 4 to "purchase" a health benefit plan that includes coverage for contraceptives. 376.1199.5; and

(6) requires certain notice provisions in health benefit plan applications, contract and on the enrollment form (and accompanying materials to the enrollment form) specifying, among other things, (a) whether coverage for contraceptives is or is not included; (b) that an enrollee in a group health plan with coverage for contraceptives has the right to exclude coverage for contraceptives if such coverage is contrary to his or her moral, ethical or religious beliefs; and (c) that an enrollee who is in a group health plan which excludes coverage for contraceptives (which should not occur under federal law with non-religious employers) has the right to purchase coverage for contraceptives. 376.1199.6.[1]

## V. DOI'S ENFORCEMENT ACTIONS

20. On September 14, 2012, the DOI issued Insurance Bulletin 12-02 (Ex. 1 hereto), proclaiming that Section 376.1199, R.S. Mo., will become effective October 12, 2012, and advising that all health insurers in Missouri should "ensure compliance" with this law.

21. On October 12, 2012, the DOI issued Insurance Bulletin 12-03 (Ex. 2 hereto) and proclaimed, among other things, the requirements of Section 376.1199, R.S. Mo., and, further, declared that the DOI will only approve filings that are compliance with the same.

22. Subsequently, the DOI has taken actual enforcement actions against MIC's health insurer members, including but not limited to HALIC and HMO MO, which include, among other things, the following:

---

[1] To the extent that former Section 376.1199 (*i.e.*, pre-S.B. 749) contained similar conflicting requirements with PPACA, and somehow can be enforced despite S.B. 749, it is also preempted.

8

- filing an enforcement action, and entering orders, based on allegations that insurers violated and continue to violate Missouri's Contraception Coverage Law, and requesting, among other things, such insurers to pay civil penalties or risk forfeiture relating to such purported violations;

- threatening additional enforcement action against other health insurers, including MIC's members (including HALIC and HMO MO);

- forcing HALIC and HMO MO (and other MIC members) to respond to market conduct interrogatories by, among other things, detailing the steps taken to comply (and to provide verifying evidence of compliance) with Missouri's Contraception Coverage Law pursuant to Section 374.190, R.S. Mo.; and

- refusing to approve group contracts, employer applications, and enrollment forms filed with the DOI by health insurers, including MIC's members (including HALIC and HMO MO), unless said documents comply with Missouri's Contraception Coverage Law.

23. It is the DOI's position that Missouri law requires health insurers to issue to any person or entity purchasing a plan that provides obstetrical/gynecological benefits and prescription drug benefits, a plan that excludes coverage for contraceptives if the use of contraceptives is contrary to the moral, ethical or religious beliefs or tenets of the person or entity pursuant to § 376.1199.

24. It is the DOI's position that an insurer violates Missouri law by, among other things, failing to fully comply with Section 376.1199.6 in that such failure constitutes unlawful misrepresenting, concealing, and suppressing material facts from policy holders and applicants about their rights under Section 376.1199, R.S. Mo., including the right to exclude contraceptive coverage.

25. It is the DOI's position that civil penalties and costs of investigation can be obtained against an insurer which does not comply with Missouri's Contraception Coverage Law.

26. To date, the DOI has provided no clarification about how to comply with both state and federal law (and, the contraceptive coverage mandate contained therein) at the very same time.

## VI. CLAIMS FOR RELIEF

### COUNT I - FEDERAL PREEMPTION AND VIOLATION OF THE SUPREMACY CLAUSE

27. Plaintiffs incorporate by reference Paragraphs 1 through 26 of the Verified Amended Complaint as if fully stated herein.

28. In sum, this dispute arises because MIC's members, including HALIC and HMO MO, have been placed in a situation where they are required to comply with conflicting federal/state statutory requirements, which requirements are irreconcilable.

29. Judicial intervention, through a declaratory judgment, is required to provide relief for MIC's members, including HALIC and HMO MO, from this conflict, and clarity as to which law (state or federal) governs for the collective benefit of Plaintiffs, as well as all insureds, other insurance companies, employers and regulators (both state and federal) regulating the same in Missouri.

30. The Supremacy Clause of the United States Constitution provides that federal law "shall be the supreme Law of the Land; . . . any Thing in the Constitution or Laws of any State to the Contrary notwithstanding." U.S. Const., art. VI, cl. 2. Thus, state law that conflicts with federal law has no effect, and cannot be enforced.

31. PPACA, as codified, contains the following in relevant part:

> this part [42 USCS §§ 300gg et seq.] and part C [42 USCS §§ 300gg-91 et seq.] insofar as it relates to this part [42 USCS §§ 300gg et seq.] shall not be construed to supersede any provision of State law which establishes, implements, or continues in effect any standard or requirement solely relating to health insurance issuers in connection with individual or group health insurance coverage *except to the extent that such standard or*

10

*requirement prevents the application of a requirement of this part [42 USCS §§ 300gg et seq.].* 42 USC § 300gg-23(a)(1) (emphasis added)

Put another way, this federal law provides that states are not allowed to enact or enforce laws which prevent application of the requirements of PPACA.

32. The Conflicting Requirements of Missouri's Contraception Coverage Law, taken in whole or in part and as enforced by Defendant, conflict with PPACA (and its implementing regulations), disregard federal policies, interfere with federal enforcement, prevent the application of PPACA and its requirements, and otherwise impede the accomplishment and execution of the full purposes and objectives of federal law, namely the federal mandate of contraception coverage without cost sharing.[2]

33. Plaintiffs (and employers and group health plans for that matter), cannot at the same time comply with both the contraception mandate contained in PPACA, on the one hand, and the rights to exclude contraception coverage contained in Missouri's Contraception Coverage Law (or to allow certain enrollees to "purchase" contraception coverage at their election), on the other hand.

34. The Conflicting Requirements (including any conflicting requirements of Section 376.1199 pre-S.B. 749) are preempted by federal law and, under the Supremacy Clause, are invalid.

35. The Conflicting Requirements (including any conflicting requirements of Section 376.1199 pre-S.B. 749) are not severable from the remaining requirements in Missouri's Contraception Coverage Law, and, thus, all provisions of Missouri's law fall within the preemptive effect of PPACA.

---

[2] To the extent Missouri's Contraception Coverage Law is deemed to apply to self-insured welfare benefit plans under ERISA, 29 U.S.C. § 1001, *et seq.*, it also is preempted pursuant to 29 U.S.C. §§ 1132, 1144.

36. Accordingly, pursuant to 28 U.S.C. § 2201, a declaration is necessary and appropriate to specify that Missouri's Contraception Coverage Law (including any conflicting requirements of Section 376.1199 pre-S.B. 749) is preempted under, and violates, the Supremacy Clause of the U.S. Constitution.

### PRAYER FOR RELIEF – COUNT I

WHEREFORE, Plaintiffs respectfully request the following relief:

(1) a declaratory judgment stating Missouri's Contraception Coverage Law (including any conflicting requirements of Section 376.1199 pre-S.B. 749) is, for the reasons set forth above, preempted and invalid under the Supremacy Clause of the United States (art. VI, cl. 2);

(2) an order awarding Plaintiffs their reasonable attorney fees and costs in this action; and

(3) any other relief that this Court deems just and proper.

### COUNT II – REQUEST FOR TEMPORARY RESTRAINING ORDER, PRELIMINARY INJUNCTION AND PERMANENT INJUNCTION

37. Plaintiffs incorporate by reference Paragraphs 1 through 36 of the Verified Amended Complaint as if fully stated herein.

38. As a direct and proximate cause of the enforcement actions taken above by Defendant, which are currently ongoing, and in the absence of immediate injunctive relief, the MIC's members, including HALIC and HMO MO, will suffer immediate irreparable harm, including, but not limited to: being compelled to violate PPACA should they continue to be compelled to comply with Missouri's Contraception Coverage Law; being assessed substantial monetary penalties by Defendant for any failure to comply with the Missouri law; having to comply with a state law that is unconstitutional because it directly conflicts with federal law,

thereby exposing the MIC's members, including HALIC and HMO MO, to further penalties and damages under federal law; damage to reputation and goodwill occasioned by the mere institution of Defendant's enforcement actions and any allegations of wrongdoing; expenses and costs associated with defending against Defendant's enforcement actions and/or otherwise complying with Missouri's Contraception Coverage Law as enforced by Defendant, including incurring significant compliance burdens and expense such as amending and changing policies, contracts, and related forms and instituting processes, systems, and compliance measures; and, other harm.

39. Plaintiffs have no adequate remedy at law for such injuries. Among other things, MIC's members, including HALIC and HMO MO, cannot comply with both federal and state law at the same time, and there is no adequate legal remedy to rectify being compelled to violate federal law or to adhere to an unconstitutional law. MIC's members, including HALIC and HMO MO, also have no legal recourse against Defendant to recover if they successfully demonstrate, in opposition to any enforcement action by Defendant or otherwise, that the Missouri Contraception Coverage Law is preempted and/or violates the Supremacy Clause of the U.S. Constitution. Further, the financial harm expressed above relating to damage to reputation and lost sales, occasioned by the mere institution of any enforcement action by Defendant, is unquantifiable, unknown, and not easily capable of ascertainment.

40. To preserve the *status quo*, injunctive relief must be granted as soon as possible as MIC's members, including HALIC and HMO MO, will continue to suffer unnecessary and irreparable harm if forced to wait for relief through the process of discovery and the delays and costs associated with, and occasioned by, the normal disposition of the issues raised by this matter.

41. There is a substantial likelihood that Plaintiffs will prevail on the merits.

13

42. Where, as here, a party is moving for injunctive relief to enjoin the enforcement of a state law on preemption grounds, the balance-of-harm and public-interest factors need not be considered. Nevertheless, the harm to MIC's members, including HALIC and HMO MO, outweighs any potential harm to Defendant from the entry of injunctive relief, and the equities favor the granting of injunctive relief by way of preliminary and then permanent injunctive relief.

43. In contrast to the substantial harm to MIC's members, including HALIC and HMO MO, among other things, Defendant will suffer no prejudice or undue hardship. No state agency is entitled to enforce a law that conflicts with federal law, and compliance with federal law should not impose a burden upon Defendant. Further, prior to S.B. 749, Section 376.1199 existed in a similar form as Section 376.1199 exists as enacted in S.B. 749. Nevertheless, Defendant did not enforce former Section 376.1199 like it is doing now (and, in fact, approved forms and filings for usage after August 1, 2012 – the effective date of the contraception mandate in PPACA – which only complied with PPACA, not with the requirements of pre-S.B. 749 Section 376.1199). Thus, Defendant historically has not consistently enforced Section 376.1199 as it is now, despite the substantially similar requirements in Section 376.1199 both pre and post-S.B. 749. An additional temporary cessation of enforcement until final resolution of this action thus will not harm the Defendant.

44. Further, and among other things, insureds, employers and insurers in this State (as well as the Defendant) need immediate judicial clarification as to the scope of preemption occasioned by PPACA vis-à-vis the obligations and rights under Missouri's Contraception Coverage Law. If such an impermissible conflict exists, and/or continues to exist, the public interest, even if relevant, is best served by immediate resolution of that issue and injunctive relief until such permanent resolution and adjudication can be obtained. Further, the public is harmed

by enforcement of an unconstitutional law because the interest in preserving Constitutional guarantees is paramount.

45. A restraining order and/or, upon proper hearing, a preliminary and permanent injunction are needed to provide an effective remedy for the quagmire faced by MIC's members (and all insurers, and felt by all employers and insureds in this State). A temporary restraining order and/or subsequent preliminary injunction should be entered until a permanent injunction can be entered to maintain the *status quo* and remedy the irreparable harm.

## PRAYER FOR RELIEF – COUNT II

WHEREFORE, Plaintiffs respectfully request the following relief:

(1) that this Court enter a temporary restraining order against the Defendant in his official capacity as head of the Missouri Department of Insurance, and any officers, agents, servants, employees, attorneys, and anyone acting in active concert or participating with the foregoing, prohibiting any enforcement of any aspect of Missouri's Contraception Coverage Law that is preempted and/or violates the Supremacy Clause of the U.S. Constitution (and is non-severable therefrom); and

(2) that following a preliminary injunction hearing, this Court enter its Order providing the injunctive relief sought herein by Plaintiffs; and

(3) after a full and final hearing on the merits of this cause, the Court make permanent its Order providing the injunctive relief sought herein by Plaintiffs; and

(4) an order awarding Plaintiffs their reasonable attorney fees and costs incurred in this action; and

(5) any other relief that this Court deems just and proper.

Respectfully submitted,

**LEWIS, RICE & FINGERSH, L.C.**

By: _____/s/ David W. Gearhart_____
      Neal F. Perryman, #43057MO
      David W. Gearhart, #50292MO
      600 Washington Avenue, Suite 2500
      St. Louis, Missouri 63101
      Telephone: 314-444-7600
      Facsimile: 314-612-7394
      E-mail: nperryman@lewisrice.com
      E-mail: dgearhart@lewisrice.com

*Attorneys for Plaintiffs*

## VERIFICATION OF MISSOURI INSURANCE COALITION

The undersigned, Calvin W. Call, being first duly sworn on oath, deposes and says that he is the Executive Director of the Missouri Insurance Coalition; that he is duly authorized to make this verification on behalf of Plaintiff; that he has read the foregoing Amended Verified Complaint for Temporary and Permanent Injunctive Relief and Declaratory Judgment; and, that the matters and facts therein contained relating to the Missouri Insurance Coalition are true and correct to the best of his personal knowledge, information and belief.

_____
Calvin W. Call, Executive Director

Subscribed and sworn to before me this 10th day of January, 2013.

_____
Notary Public

C. SURFACE
Notary Public - Notary Seal
STATE OF MISSOURI
County of Cole
My Commission Expires 12/13/2015
Commission # 11279127

My commission expires:

12/13/2015

## VERIFICATION OF HALIC AND HMO MO.

I, Elizabeth A Cox, Director of Regulatory Compliance for Anthem Blue Cross Blue Shield, the trade name under which both Healthy Alliance Life Insurance Company ("HALIC") and HMO Missouri, Inc. ("HMO MO.") operate, being duly sworn, state and affirm: that she is duly authorized to make this verification on behalf of HALIC and HMO MO; that she has read the foregoing Amended Verified Complaint for Temporary and Permanent Injunctive Relief and Declaratory Judgment; and, that the matters and facts therein contained relating to HALIC and HMO MO are true and correct to the best of her personal knowledge, information and belief.

*Elizabeth A. Cox*
Elizabeth A. Cox, Director of Regulatory Compliance

Notary:

BEVERLY PULLIAM
Notary Public - Notary Seal
State of Missouri
Commissioned for Cape Girardeau County
My Commission Expires: February 10, 2013
Commission Number: 09462464

My commission expires: 02-10-13

*Beverly Pulliam*

## CERTIFICATE OF SERVICE

The undersigned certifies that a true and correct copy of the foregoing was served upon the following on this 17th day of January, 2013, via e-mail:

Jeremiah Morgan
Missouri Attorney General's Office
207 West High Street
Jefferson City, MO 65102
jeremiah.morgan@ago.mo.gov

Attorney for Defendant

/s/ David W. Gearhart