UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MISSOURI INSURANCE COALITION, HEALTHY ALLIANCE LIFE INSURANCE COMPANY, and HMO MISSOURI, INC., | ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) No.  4:12CV02354 AGF ) ) |
| JOHN M. HUFF, in his capacity as Director of the Missouri Department of Insurance, Financial Institutions, and Professional Registration, | ) ) ) ) ) ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

Plaintiffs Missouri Insurance Coalition ("MIC"), Healthy Alliance Life Insurance Co. ("Healthy Alliance"), and HMO Missouri, Inc., seek a declaration that sections of the recently-enacted Missouri Senate Bill 749, codified at Mo. Rev. Stat. § 376.1199, are unconstitutional under the Supremacy Clause because they are in direct conflict with § 2713 of the federal Patient Protection and Affordable Care Act ("Affordable Care Act").

On December 21, 2012, the Court granted Plaintiffs' motion for a Temporary Restraining Order enjoining Defendant John Huff, the Director of the Missouri Department of Insurance, Financial Institutions, and Professional Registration ("DOI") from enforcing the state law, to the extent the provisions are in conflict with federal law. The Court held that Plaintiff was likely to succeed on the merits of its claim that there

was a direct conflict between the state law and the federal law, and that Defendant could not disapprove health insurance policies, contracts, and forms on the ground that they were not compliant with the state law. (Doc. No. 13.) The Court reserved ruling on Defendant's argument that venue was improper in this Court.[1] The matter is now before the Court on Defendant's motion (Doc. No. 22) to dismiss the action for improper venue, or to transfer the case to the Western District of Missouri. The parties agreed to submit the venue issue to the Court on their written pleadings and exhibits. For the reasons set forth below, Defendant's motion shall be denied.

## BACKGROUND

MIC is a nonprofit consumer education organization representing and promoting the interests of the insurance industry. Its members include health insurers doing business in Missouri including in the Eastern District of Missouri. The member insurers insure hundreds of thousands of insureds in this district. The other two Plaintiffs are members of MIC; both conduct a substantial amount of business in this district, are headquarted in this district, and issue policies in this district.

Missouri law requires health insurers to submit health insurance policies to the DOI for approval before the policies may be sold, and that the DOI may only approve those policies that are in compliance with Missouri law. If the DOI determines that a health insurer is in violation of state law related to insurance, the DOI may issue an order

---

[1] The Court also reserved ruling on the question of MIC's standing to bring this action, as the only named Plaintiff in the original complaint. This issue has been rendered moot by the filing of the amended complaint adding two Missouri Plaintiffs who clearly have standing.

directing the insurer to cease and desist such conduct, and may impose a civil monetary penalty. Mo. Rev. Stat. § 374.046.

Missouri Senate Bill 749, Mo. Rev. Stat. § 376.1199, which became effective on October 12, 2012, requires Missouri insurers to, among other things, honor requests by employers to issue policies excluding coverage for contraceptives, and to provide notice to employers of the right to opt out of such coverage, if such coverage is contrary to the employer's moral, ethical, or religious beliefs. Section 2713 of the federal Affordable Care Act requires health insurers offering certain types of group or individual health insurance coverage to provide coverage for certain preventative health services, including contraceptives, without the imposition of cost sharing.

On November 6, 2012, the DOI filed a "Verified Statement of Charges and Request for Orders," charging Healthy Alliance and HMO Missouri for being in violation of § 376.1199 by not offering plans excluding coverage of contraceptives. (Doc. No. 26-2.) The DOI requested that Defendant issue cease and desist orders requiring these Plaintiffs to cease their violations and requiring them to pay a civil penalty. *Id.* The Statement of Charges identified each charged entity at an address in St. Louis, Missouri, and Defendant has not challenged Plaintiffs' assertion that the charges were served in this district. (Doc. No. 26-1 at 6.) On November 16, 2012, a cease and desist order was issued by Defendant. The present suit for declaratory judgment and injunctive relief was then initiated, with Defendant being sued in his official capacity. The DOI is headquartered and Defendant's office is in Jefferson City, Missouri, which is in the Western District of the state.

3

Defendant argues that venue is proper only in the Western District of Missouri because (1) Defendant, as a state official being sued in his official capacity, only resides, for purposes of venue, in the state capital, Jefferson City; (2) the only place where the state law at issue was implemented was Jefferson City; and (3) the only place where a substantial part of the events giving rise to Plaintiffs' claims occurred is Jefferson City, because Plaintiffs are challenging § 376.1199 in general and not a specific action that Defendant has taken or will take in the Eastern District with respect to that law.

Plaintiffs argue that venue is proper in the Eastern District because Defendant specifically directed enforcement actions against the insurer Plaintiffs, based in St. Louis, and the effect of the enforcement of the challenged law will be felt extensively (and primarily) in the Eastern District.  Plaintiffs also assert that as state officials perform their duties throughout the states over which they preside, they "reside" throughout the state for purposes of venue.

## **DISCUSSION**

The general venue statute provides, in relevant part, that venue is proper in:

> **(1)** a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; [or]
>
> **(2)** a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . .

28 U.S.C.A. § 1391(b).

The Court believes that subsection (2) of the venue statute allows for venue in this case in this district.  The Court concludes that although there is some authority to the

4

contrary, the better and more authoritative rule is that expressed by another district court, as follows: "In the context of declaratory judgments or prospective injunctive relief regarding unconstitutional statutes, it has been held that suits challenging official acts may be brought in the district where *the effects of the challenged regulations are felt* even though the regulations were enacted elsewhere." *Bishop v. Okla. ex rel. Edmonson*, 447 F. Supp. 2d 1239, 1254 (N.D. Okla. 2006), *rev'd in part on other grounds,* 333 F. App'x 361; *see also Emison v. Catalano,* 951 F. Supp. 714, 721-22 (E.D. Tenn. 1996) (holding that the Eastern District of Tennessee was proper venue for a civil action brought by a candidate for a seat in the Tennessee Senate and by a political funding organization to enjoin enforcement of allegedly unconstitutional enactments governing campaign contributions, even though statutes were enacted outside of the district, where candidate resided in the Eastern District and sought nomination from a county in that district; the organization was headquartered and carried on much of its political financing activity there; any penalty imposed on plaintiffs for violating the enactments would affect them in that district); *Sanchez v. Pingree*, 494 F. Supp. 68, 70 (S.D. Fla. 1980) ("Although the statute is administered in the Northern District, the effect of the statute is felt by Plaintiffs in the Southern District and the injury to Plaintiffs occurs in the Southern District. Therefore, the claim arose in the Southern District."); *Johnson v. Mississippi*, 78 F.R.D. 37, 41 (N.D. Miss. 1977) (holding that although cause may have originated in state capital where legislation was passed, the injury of denying the plaintiffs equal protection of the laws was inflicted in the forum district such that venue was proper in either district); *Sheffield v. Texas*, 411 F. Supp. 709, 713-14 (N.D. Tex. 1976).

This is consistent with the well-accepted principle that there can be more than one district in which venue is proper.  *See Pecoraro v. Sky Ranch for Boys, Inc.*, 340 F.3d 558 (8th Cir. 2003) (explaining that in determining whether venue is appropriate in given judicial district, a court does not ask which district among two or more potential forums is the "best" venue, but, rather, whether the district plaintiff has chosen had substantial connection to claim, whether or not other forums had greater contacts).

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion to dismiss the case for improper venue, or to transfer venue, is **DENIED**.  (Doc. No. 22.)


_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 30th day of January, 2013.