UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MISSOURI INSURANCE COALITION, HEALTHY ALLIANCE LIFE INSURANCE COMPANY, and HMO MISSOURI, INC., | ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) No. 4:12CV02354 AGF ) ) |
| JOHN M. HUFF, in his capacity as Director of the Missouri Department of Insurance, Financial Institutions, and Professional Registration, | ) ) ) ) ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This matter is now before the Court on the motion of Our Lady's Inn, a Missouri not-for-profit corporation, to intervene in this action.  By expedited schedule issued pursuant to Our Lady's Inn request, Plaintiffs have filed an opposition to the motion, and Our Lady's Inn has filed a reply.  For the reasons set forth below, the motion to intervene shall be denied.

In this action, filed on December 19, 2012, the three Plaintiffs (Missouri Health Coalition, a Missouri health insurance company, and a Missouri health maintenance organization) seek a declaration that portions of the recently-enacted Missouri Senate Bill 749 (codified at Mo. Rev. Stat. § 376.1199) are unconstitutional under the Supremacy

1

Clause because they are in direct conflict with § 2713 of the Patient Protection and Affordable Care Act ("the Affordable Care Act").

Missouri law requires health insurers to submit health insurance policies to the DOI for approval before they may be sold, and that the DOI may only approve those policies that are in compliance with Missouri law. If the DOI determines that a health insurer is in violation of a state law related to insurance, the DOI may issue an order directing the insurer to cease and desist such conduct, and may impose a civil monetary penalty. Mo. Rev. Stat. § 374.046.

The state law in question became effective on October 12, 2012. It requires Missouri health insurers to, among other things, honor requests by employers to issue policies excluding coverage for contraceptives, and to provide notice to employers of the right to opt out of such coverage, if such coverage is contrary to the employer's moral, ethical, or religious beliefs. Section 2713 of the federal Affordable Care Act requires health insurers offering certain types group or individual health insurance coverage to provide coverage for certain preventative health services, including contraceptives, without the imposition of cost sharing.

On December 21, 2012, the Court entered a Temporary Restraining Order, holding that Plaintiffs were likely to succeed on the merits of their claim that there was a direct conflict between the state law and the federal law, and ruling that Defendant could not disapprove health insurance policies, contracts, and forms on the ground that they were not compliant with the state law. (Doc. No. 13.) A hearing is set for February 7, 2013, on Plaintiffs' requests for preliminary and permanent injunctive relief.

Our Lady's Inn filed its motion to intervene on January 24, 2013.  Our Lady's Inn states that it provides services to pregnant women that it considers to be an alternative to abortion.  It objects not only to abortion but also to the use of contraceptives.  It has 45 employees, of whom 13 are provided health insurance by Our Lady's Inn which shares the cost of the monthly premiums with its covered employees.  Our Lady's Inn asserts that before purchasing a health insurance plan for its employees it needs to know whether or not contraceptive coverage is being offered or being excluded from the plan, and that if it is unable to purchase a plan that excludes such coverage, a result it believes is likely absent the protection of Mo. Rev. Stat. § 376.1199, it would be forced to no longer offer health insurance coverage for its employees, or reduce their hours so that each can find a second job that provides such coverage.

Our Lady's Inn asserts that it is entitled to intervene in this action as of right under Federal Rule of Civil Procedure 24(a) because (1) the motion to intervene is timely; (2) Our Lady's Inn has an interest relating to the subject matter of the action; (3) unless it is allowed to intervene, disposition of the action may impede or impair its ability to protect that interest; and (4) its interest is represented inadequately by existing parties.

As Our Lady's Inn recognizes, in addition to the requirements of Rule 24, the Eighth Circuit requires that a party seeking to intervene establish Article III standing, which in this context "requires a showing of an injury in fact, which is an injury to a legally protected interest that is concrete, particularized, and either actual or imminent.  The purpose of the imminence requirement is 'to ensure that the alleged injury is not too speculative . . . [and] that the injury is certainly impending.'"  *Planned Parenthood of the*

3

*Heartland v. Heineman*, No. 4:10CV3122, 2010 WL 4609299, at *1 (D. Neb. Nov. 4, 2010) (citations omitted).

     Our Lady's Inn's argument that it has such standing is premised on the proposition that if the Plaintiffs are successful in this action, "insurance providers will be able to force companies that the federal government has exempted from the contraceptive mandate into providing contraceptive coverage." (Doc. No. 34 at 6-7.) But this is a faulty premise, as Plaintiffs' action seeks to enjoin enforcement of the state law only to the extent that it is in direct conflict with the federal statute. The action does not relate to companies that the Affordable Care Act exempts from its contraceptive coverage mandate. Nor does the present action relate to whether any given entity will be granted exempt status. Our Lady's Inn's supposition that if implementation of the state law is enjoined, insurance companies will not provide, even to exempted companies, plans that exclude contraceptive coverage is mere speculation.

     The Court also finds Our Lady's Inn's other arguments for intervention as of right unpersuasive. Permissive intervention under Rule 24(b) is also not warranted here. Although Our Lady's Inn maintains that its intervention in the action as a party will not interfere with the current schedule for the proceedings, having a new party intervene in the case at this point case will undoubtedly cause delay. Further, the Court notes that this case was filed on December 19, 2012, and the Court's Order of December 21, 2012 granting a temporary restraining order received both local and national publicity. Almost six weeks passed from when the case was filed to when the motion to intervene was filed, which, given the nature of the action and the timing of the proceedings, is a significant

4

interval.  Thus, the motion to intervene is not timely.  *See Ark. Elec. Energy Consumers v. Middle S. Energy, Inc*., 772 F.2d 401, 403 (8th Cir. 1985) (affirming district court's denial of motion to intervene filed 12 days after the lawsuit was filed, in part because of the expedited nature of the proceedings, with a substantial amount of the litigation completed during those 12 days and a hearing held and a TRO issued).

As noted by the Court in the Order granting the TRO, "the issue here is not whether it is or is not proper either to require contraceptive coverage or to require that insurers allow one to opt out of contraceptive coverage." (Doc. No. 13 at 6.)  Rather the issue here is a legal issue of federal preemption under the Supremacy Clause.

The Court is not persuaded that the interest of Our Lady's Inn will not be adequately protected by the current parties.  Nevertheless, Plaintiffs have represented that they would not object to Our Lady's Inn filing an amicus brief, and the Court will allow such a brief to be filed on or before **February 6, 2013, at noon,** so that the Court can give it full consideration prior to the hearing on the request for preliminary and injunctive relief.

Accordingly,

**IT IS HEREBY ORDERED** that the Motion of Our Lady's Inn to intervene in this action is **DENIED**.  (Doc. No. 33.)

*[signature]*
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 31st day of January, 2013.

5