IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI

MISSOURI INSURANCE COALITION, )
a Missouri non-profit corporation, et al., )
)
Plaintiffs, )
)
v. ) Cause No.: 4:12-cv-02354-AGF
)
JOHN M. HUFF, in his official capacity )
as Director of the Missouri Department )
of Insurance, Financial Institutions and )
Professional Registration, )
)
Defendant. )

**PLAINTIFFS' RESPONSE TO SECOND MOTION
TO INTERVENE BY OUR LADY'S INN**

The background to this dispute is familiar to the parties and the Court and need not be repeated here.[1] This Court previously denied the motion of the proposed intervenor, Our Lady's Inn ("OLI"), to intervene in this lawsuit pre-judgment. It should do so again now that a final judgment has been entered. The *only* reason proffered by OLI for now seeking intervention is its mere belief that the Defendant will not appeal the adverse judgment in this case. (Doc. No. 71, p. 3, ¶¶ 9-10). OLI has not presented any competent evidence Defendant will not appeal. The lack of proof notwithstanding, the Eighth Circuit Court of Appeals plainly has held that "the proposed intervenors must show something more than a failure to appeal." *Chiglo v. City of Preston*, 104 F.3d 185, 188 (8th Cir. 1997). OLI has not shown the required "something more."

In the Court's prior Memorandum and Order denying OLI's first motion to intervene (Doc. No. 45), the Court also held that OLI lacked standing because OLI's primary supposition

---

[1] Prior acronyms used by the parties – specifically, § 376.1199 (*i.e.*, Mo. Rev. Stat. § 376.1199), and "PPACA" (*i.e.*, the Patient Protection and Affordable Care Act) will be used herein.

1901973.3

(which it reiterates in the instant, second motion to intervene) – namely, that if implementation of the relevant state law is enjoined, insurance companies will not provide (even to companies entitled to federal exemptions from PPACA) plans that exclude contraceptive coverage – was mere speculation. OLI does nothing to address the Court's prior concern, nor could it. Indeed, as explained below, *OLI successfully petitioned its insurer for exempt status under PPACA and, as a result, coverage for contraception and elective abortions are both excluded from its health plan currently.* Thus, OLI's primary supposition is not even factually correct as to its own circumstances. OLI lacks standing and, as explained more fully below, OLI's motion should be denied in its entirety.

A. **OLI's Motion for Intervention As Of Right Should Be Rejected.**

   1. **OLI Must Show Something More Than Guessing That Defendant May Not Appeal.**

In order to intervene as of right pursuant to Federal Rule of Civil Procedure 24(a), one of the things the proposed intervenor must show is that its interests are not adequately protected by existing parties to the litigation. *Chiglo*, 104 F.3d at 187 (the intervenor bears this burden). As the Eighth Circuit has made clear, when governmental agencies are involved, that is a high standard:

> if an existing party to the suit is charged with the responsibility of representing the intervenor's interests, a presumption of adequate representation arises. [Citation omitted] When one of the parties is an arm of agency of the government, acting in a manner of sovereign interest, the governmental entity is presumed to represent the interests of its citizens as *parens patriae*, or "parent of the country."

*Id.* Thus, courts "presume that the government entity adequately represents the public, and we require the party seeking intervention to make a strong showing of inadequate representation." *Little Rock Sch. Dist. v. North Little Rock Sch. Dist.*, 378 F.3d 774, 780 (8th Cir. 2004).

2

To meet the high threshold of demonstrating inadequate representation by the government, a proposed intervenor can show that "its interests are distinct and cannot be subsumed within the public interest represented by the government entity" or show that "its interests at risk in the litigation are not shared by the general citizenry." *Little Rock Sch. Dist.*, 378 F.3d at 780. *See also Chiglo*, 104 F.3d at 188 (intervenor may rebut presumption by showing government committed misfeasance or nonfeasance in protecting the public).

"Absent this sort of clear dereliction of duty [by the government], however, the proposed intervenor cannot rebut the presumption of representation by merely disagreeing with the litigation strategy or objectives of the party representing him." *Chiglo*, 104 F.3d at 188; *see also Little Rock Sch. Dist.*, 387 F.3d at 780 (same). As such, "proposed intervenors must show something more than mere failure to appeal." *Chiglo*, 104 F.3d at 188.

For example, in *Little Rock Sch. Dist.*, at issue was an underlying dispute over whether a state board of education decision violated a settlement agreement and various federal court orders regarding desegregation. 387 F.3d at 778-79. The proposed intervenor was initially denied intervention, but was allowed to file an *amicus curiae* brief. *Id.* at 779. The positions advocated by the proposed intervenor were also argued by the state board of education. Ultimately, the state board of education's decision was overturned by the court, but the state did not appeal. *Id.* The proposed intervenor appealed the denial of its intervention effort. *Id.* at 778-79. In affirming the intervention denial, the Eighth Circuit reaffirmed the high burden that the proposed intervenor must meet in demonstrating the state did not adequately represent its interests. *Id.* at 780. The court also upheld its earlier admonition in *Chiglo* that a mere failure to appeal is not enough to meet that burden. *Id.* The court reasoned in pertinent part:

> [W]e conclude that the state directly represented the [intervenor's] asserted interest by seeking to proceed with the election pursued by its citizens under state

> law and by specifically adopting the positions advanced by [the intervenor]. The state received a fair and full consideration of its position, and it lost. That the [intervenor] has asserted its interest with arguably greater fervor than has the state and would have made different procedural choices, including a decision to appeal, does not make its interest distinct.

*Id.* at 781. Such reasoning directly supports denial of OLI's second motion to intervene in this case.

Here, OLI's singular reason for now needing to intervene is that it believes that the Defendant will not appeal the Court's Declaratory Judgment. (Doc. No. 71, p. 3, ¶¶ 9-10; Doc. No. 72, p. 2). Just like in *Chiglo* and *Little Rock Sch. Dist.*, OLI has made no showing of any other factor suggesting an inadequate representation other than that (possible) failure to appeal. *See* Doc. No. 72, p. 9 (OLI's argument for inadequate representation limited to belief that Defendant will not appeal).[2]

In any event, as this Court is well-aware, OLI's initial argument to this Court was that § 376.1199 should be able to apply to certain areas and actors covered by PPACA's exemptions. That was *the primary* argument the Defendant made to uphold the viability of § 376.1199.[3] *See* Prelim. Inj. Hr'g Tr., Doc. No. 70, *passim*. The Defendant received a fair consideration of those arguments (and OLI was allowed to submit an *amicus curiae* brief further outlining its positions). Far from having a distinct interest from the Defendant, OLI's interest was (and

---

[2] The two old cases cited by OLI for post-judgment intervention, *Wolpe* and *Pellegrino*, are not from the Eighth Circuit and, thus, applied a different standard and, in any event, are distinguishable because they involved rulings (which the proposed intervenor wanted to appeal) which were binding on the intervenor. *See Pellegrino v. Nesbit*, 203 F.2d 463, 469 (9th Cir. 1953); *Wolpe v. Poretsky*, 144 F.2d 505, 507 (D.C. Cir. 1944). No ruling was binding on OLI in this case.

[3] In denying OLI's first motion to intervene, this Court correctly predicted the Defendant would protect the interest OLI by making such an argument. *See* Mem. & Order, Doc. No. 45, p. 5).

4

remains) the same and, as such, it has not overcome the presumption against adequate representation by the State.

### 2. OLI Continues To Lack Standing To Intervene.[4]

As the Court correctly held in first denying OLI's Motion to Intervene, the Eighth Circuit requires that a party seeking to intervene must establish Article III standing. *United States v. Metro.St. Louis Sewer Dist.*, 569 F.3d 829, 833 (8th Cir. 2009). Standing requires that the proposed intervener establish an injury in fact, "which is an injury to a legally protected interest that is concrete, particularized, and either actual or imminent." *Id.* at 833-34 (internal quotations omitted). "The purpose of the imminence requirement is to ensure that the alleged injury is not too speculative . . . [and] that the injury is certainly impending." *Id.* at 834 (internal quotations omitted).

This Court has already expressly held that OLI lacked standing because its purported injury was speculative. Specifically, this Court held:

> Our Lady's Inn's argument that it has such standing is premised on the proposition that if the Plaintiffs are successful in this action, "insurance providers will be able to force companies that the federal government has exempted from the contraceptive mandate into providing contraceptive coverage." (Doc. No. 34 at 6-7.) But this is a faulty premise, as Plaintiffs' action seeks to enjoin enforcement of the state law only to the extent that it is in direct conflict with the federal statute. … Our Lady's Inn's supposition that if implementation of the state law is enjoined, insurance companies will not provide, even to exempted companies, plans that exclude contraceptive coverage is mere speculation.

(Doc. No. 24, p. 4.)[5]

---

[4] OLI's lack of standing defeats both mandatory and permissive intervention.

[5] OLI attacks the Court's previous holding that its potential injury is speculative, only by further speculating what insurance companies may or may not do in light of the Court's judgment and speculating as to purpose of Section 376.1199. (Doc. No. 72, pp. 6-7.)

5

The speculative nature of the alleged harm to OLI Inn has not changed. Indeed, OLI raises the exact same argument: "insurance providers are now able to force companies that the federal government has exempted from the contraceptive mandate into providing coverage." Doc. No. 72, p. 6. OLI fails to set forth a legally protected interest that is "concrete, particularized, and either actual or imminent," and instead focuses on what insurance companies are "now able" to do, instead of setting forth any injury in fact which has occurred. *Metro. St. Louis Sewer Dist.*, 569 F.3d at 833 (Doc. No. 72, p. 6.); *see also Standard Heating & Air Cond. Co. v. City of Minn.*, 137 F.3d 567, 571 (8th Cir. 1998) (rejecting intervention argument by private party based on speculative fear of loss of business if challenged regulations, which were being defended by government, were not upheld).

***In fact, OLI has suffered no injury.*** OLI's request for approval of an exemption from PPACA's contraception mandate has been approved, and OLI does not have contraception coverage as part of its benefit plan. (Decl. of Mary Derhake, Ex. 1 hereto, ¶¶ 1-6 & Exs. A-D thereto). OLI's interest is thus not only speculative, it is factually non-existent. OLI's intervention motion should be denied based on a lack of standing.[6]

---

[6] On this score, it should be noted that there may be a real unintended consequence in the application of the Missouri law at issue from the perspective of OLI if it is allowed to intervene, appeal, and is successful on appeal (at least as its position seems to be explained by OLI in its moving papers. (Doc. No. 72)). If OLI was successful in intervening and appealing this Court's Declaratory Judgment, under Missouri's law § 376.1199, since OLI benefits from the temporary safe harbor it discusses, OLI could exclude contraceptive coverage based upon its deeply held religious views as it wishes, but under that very state law (again assuming OLI was successful on appeal), its employees would have the right to opt back in to such coverage and obtain coverage for the very contraceptives which OLI does not wish to provide. *See* Mo. Rev. Stat. § 376.1199.5 ("[A] health carrier shall allow enrollees in a health benefit plan that excludes coverage for contraceptives . . . to purchase a health benefit plan that includes coverage for contraceptives."); Mo. Rev. Stat. § 376.1199.6(3) ("[A]n enrollee who is a member of a group health benefit plan without coverage for contraceptives has the right to purchase coverage for contraceptives[.]"). With all due respect to OLI, its reasons for intervention do not make sense.

## C.   OLI's Motion For Permissive Intervention Should Also Be Rejected.

Even assuming Plaintiff could clear the standing threshold, which also is a reason to deny OLI's Motion for Permissive Intervention, permissive intervention still is inappropriate here.

This Court denied OLI's first permissive intervention motion because of timeliness concerns. OLI's second motion is filed even later and after the Court's Declaratory Judgment. OLI cites no authority for allowing permissive intervention post-judgment in such a scenario, and, moreover, only to appeal where it speculates the Defendant will not. Indeed, such a result would make no sense, and would totally eviscerate timeliness concerns for permissive intervention altogether. In fact, if OLI's position was accepted, any party could simply wait until after a judgment was entered and then seek to permissively intervene (based on an argument, as OLI has suggested, that there is no threat to delay because the litigation is concluded). However, timeliness is an important factor in the permissive intervention analysis, as this Court has already held, and it should not be ignored here. *See Ark. Elec. Energy Consumers v. Middle S. Energy, Inc.*, 772 F.2d 401, 403 (8th Cir. 1985) (affirming district court's denial of motion to intervene filed 12 days after lawsuit was filed, in part because of the expedited nature of the proceedings, with a substantial amount of litigation completed during those 12 days and a hearing held and a TRO issued). OLI's argument to completely ignore timeliness concerns should be rejected.

Moreover, there *would be* delay if OLI is allowed to intervene. In this case, as explained above, there could be important fact finding for this Court in relation to OLI's health plan and contraception coverage. Although it seems clear from the attached evidence that OLI currently enjoys a federal exemption from the contraception mandate of PPACA and that its health plan does not provide coverage of contraception or elective abortions (Decl. of Mary Derhake, Ex. 1 hereto, ¶¶ 1-6 & Exs. A-D thereto), such facts directly relate to OLI's standing and the claims it

7

is making in support of intervention. Nevertheless, such evidence (and any evidence OLI may want to submit in rebuttal or to amplify, and Plaintiffs' investigation of OLI's factual claims regarding the bona fide nature of its religious beliefs, etc.) has not undergone any final judicial fact-finding. Allowing intervention now, at this late hour (indeed, *past* midnight) may result in the need for additional fact-finding and further delay. The parties and this Court worked very diligently to resolve this matter expeditiously (given the importance of this issue to all Missouri insureds, employers, insurers, and the State). The Court's Declaratory Judgment was entered nearly a month ago. OLI should not be allowed to negate all of that effort through its belated motion.

OLI also completely ignores the prejudice to Plaintiffs (and Missouri insureds, employers and insurers for that matter) which would result from intervention. If for some reason the Defendant decided not to appeal, Plaintiffs (and the MIC's insurer members) naturally have an interest in enjoying the finality of the dispute and moving on in the marketplace with clear guidance of which law applies. The certainty of the Court's ruling also allows other Missouri insureds, employers and insurers to understand their rights, whereas, before, conflict and uncertainty existed. OLI's individual agenda should not prevail over this prejudice. *See United Fire & Casualty Co. v. Titan Contractors*, 2012 U.S. Dist. LEXIS 104908, at *4 (E.D. Mo. Jul. 27, 2012) ("While Rule 24 promotes … the participation of parties in others' lawsuits, the fact remains that a federal case is a limited affair, and not everyone with an opinion is invited to attend.").

Further, Plaintiffs should not be forced to defend an appeal if the Defendant does not in fact appeal, which would result in an appeal otherwise not forthcoming. Defending such an appeal, alone, would further delay the (truly) final adjudication of Plaintiffs' rights. OLI's

8

speculative and individualized concerns should not be allowed to trump the resulting, actual prejudice which would result to the Plaintiffs (and the marketplace) through a prolonged appeal by OLI (only) and additional uncertainty for all Missouri insureds, employers and insurers.[7] In the end, this Court's discretionary, initial ruling should not be disturbed. *South Dakota v. United States DOI*, 317 F.3d 783, 787 (8th Cir. 2003) ("Reversal of a decision denying permissive intervention is extremely rare, bordering on nonexistent."); *Leech Lake Area Citizens Committee v. The Leach Lake Band of Chippewa* Indians, 486 F.2d 888, 889 (8th Cir. 1973) (affirming denial of permissive intervention after dismissal of action "because of the late stage of litigation in which the motion for intervention was brought"); *Dutcher v. Matheson*, 2012 U.S. Dist. LEXIS 102399, at *5-6 (D. Utah Jul. 23, 2012) (denying petition to intervene, including for permissive intervention, filed nearly one month after judgment entered).

Respectfully submitted,

**LEWIS, RICE & FINGERSH, L.C.**

By: _____/s/ David W. Gearhart_____
Neal F. Perryman, #43057MO
David W. Gearhart, #50292MO
600 Washington Avenue, Suite 2500
St. Louis, Missouri 63101
Telephone: 314-444-7600
Facsimile: 314-612-7394
E-mail: nperryman@lewisrice.com
E-mail: dgearhart@lewisrice.com

***Attorneys for Plaintiffs***

---

[7] And, of course, if Defendant does appeal, OLI can seek to participate as amicus curiae again.

9

## CERTIFICATE OF SERVICE

The undersigned certifies that a true and correct copy of the foregoing Response was filed electronically with the Clerk of Court and served by operation of the Court's electronic filing system upon the following on April 10, 2013:

Jeremiah Morgan
Deputy Solicitor General
PO Box 899
Jefferson City, MO 6510
jeremiah.morgan@ago.mo.gov

Attorneys for Defendant

Timothy Belz
Ottsen, Leggat and Belz, L.C.
112 South Hanley, Second Floor
St. Louis, Missouri 63105-3418
tbelz@omlblaw.com

Attorney for OLI

/s/ David W. Gearhart