# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| MISSOURI INSURANCE COALITION, a Missouri non-profit corporation, et al., | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) Cause No.: 4:12-cv-02354-AGF |
| JOHN M. HUFF, in his official capacity as Director of the Missouri Department of Insurance, Financial Institutions and Professional Registration, | ) ) ) ) ) ) |
| Defendant. | ) |

## PLAINTIFFS' RESPONSE TO DEFENDANT'S MOTION
## TO ALTER OR AMEND THE JUDGMENT

### Background

In his Rule 59(e) motion (Doc. No. 76), Defendant has sought post-Judgment relief from this Court relating to certain portions of § 376.1199[1] that were not declared to be preempted and that were not severed from what remains of that statute. (*See* Doc. No. 77 at 4-5.) Specifically, Defendant states that, post-Judgment, § 376.1199 contains, among other things, a contraceptive mandate (*i.e.*, § 376.1199.1(4)), but no *State* exception or exemption from it, even for organizations exempt from PPACA. (Doc. No. 77 at 2 & 5.) This precise issue was previously raised by Plaintiffs. (*See* Doc. No. 49 at 32-33.)

Because of the irreconcilable conflict between Federal law (PPACA) and State law (§ 376.1199) that formed the basis for this lawsuit, Plaintiffs requested that § 376.1199 be declared invalid in its entirety. (*See, e.g.*, Doc. No. 68 at 7; Doc. No. 49 at 32-33; Doc. No. 21

---

[1] Prior acronyms used by the parties in this litigation – specifically, § 376.1199 (*i.e.*, Mo. Rev. Stat. § 376.1199), and "PPACA" (*i.e.*, the Patient Protection and Affordable Care Act) will be used in this Response.

(Sec. Am. Complaint) at ¶ 35 ("The Conflicting Requirements . . . are not severable from the remaining requirements in Missouri's Contraceptive Law, and, thus, all provisions of Missouri's law fall within the preemptive effect of PPACA.").) Defendant (and amicus Our Lady's Inn) requested that the Court sever only the constitutionally infirm provisions within § 376.1199, and leave the remaining portions intact. (*E.g.*, Doc. No. 68 at 7-8.) Ultimately, and relevant here, the Court did not strike from § 376.1199 the portion of the statute addressed in Defendant's pending motion, *i.e.*, §376.1199.1(4). (Doc. No. 68 at 11.)

Plaintiffs did not bring this action to preclude Missouri entities otherwise exempt from the requirements of PPACA from obtaining health insurance without contraceptive coverage. (*See* Doc. No. 21 (Sec. Am. Complaint), *passim*.) Further, Plaintiffs did not file their lawsuit to preclude entities exempt from PPACA from obtaining insurance coverage altogether. (*Id*.) Rather, Plaintiffs filed this lawsuit to seek relief only because (and after) Defendant initiated an administrative proceeding against Missouri insurers predicated upon an unconstitutional State law. (*Id*.)[2] Finally, Plaintiffs, of course, do not have the power to enact or amend laws – that is the legislature's job. If the State of Missouri, to address a particular situation(s), wishes to enact particular legislation that is congruent with (and not preempted by) Supreme Federal law, it certainly may do so.

Because Plaintiffs requested that this Court find the entirety of § 376.1199 not severable from the unconstitutional provisions, it follows that Plaintiffs do not now object to Defendant's request for amendment of the Court's Judgment to, essentially, strike additional provisions of §

---

[2] It should be noted that, apart from the relief he seeks in the instant Rule 59(e) motion, Defendant has expressed publicly the decision not to appeal the merits of this case, including this Court's determination as to the unconstitutionality of portions of S.B. 749 (§ 376.1199). (*See* Doc. No. 77 at 1 (Defendant "does not seek to relitigate or appeal, this Court's ruling regarding the supremacy of [PPACA's] contraceptive coverage provisions to insurance carriers."); *see also* Doc. No. 78 at Ex. 1.)

2

376.1199. Further, § 376.1199.1(4) conflicts with Federal law. For the reasons set forth below, Plaintiffs agree that, in light of the Court's Judgment, § 376.1199.1(4) should also be stricken and declared invalid, which will address the "unintended consequence" referenced by Defendant in its pending motion. (Doc. No. 77 at 4.)

## Discussion

As previewed above, Plaintiffs specifically asserted in their complaint that all of § 376.1199 should be declared invalid, because of their belief that the non-preempted portions were not severable from the preempted portions of § 376.1199. (Doc. No. 21 at ¶ 35.) Plaintiffs thus have no objection to the striking (and preemption) of a further portion of § 376.1199, specifically subsection 1(4). In addition, interpreting the post-Judgment § 376.1199 in a manner that precludes *any* exemptions, including Federal exemptions, as Defendant apparently does, would stand as an "obstacle to the accomplishment and execution of the full purposes and objective of Congress." *See Gade v. Nat'l Solid Wastes Mgmt. Ass'n*, 505 U.S. 88, 98 (1992). In other words, the exemptions to PPACA would have no meaning in Missouri if Defendant's reading of the Judgment (and Memorandum and Order) were enforced by Defendant as Defendant suggests, *i.e.*, to require contraceptive coverage without exception even where Federal exemptions apply. In this respect, § 376.1199.1(4) directly conflicts with Federal exemptions from PPACA, including Federal regulations. *See, e.g.,* 45 C.F.R. § 147.130(a)(1)(iv)(B)(1)-(4) (exempting religious employers). Federal regulations "have no less pre-emptive effect than federal statutes." *Fid. Fed. Sav. & Loan Ass'n v. De la Cuesta*, 458 U.S. 141, 153 (1982). Leaving subsection 1(4) in tact thus would conflict with Federal law.

Further, striking § 376.1199.1(4) so that Federally exempt entities could obtain health insurance without contraception would be consistent with Missouri legislative intent.[3] As Plaintiffs noted in their trial brief (Doc. No. 49 at 32-33), Federal courts look to State law to determine the severability of a State statute. *U.S. Dep't of Treasury v. Fabe*, 508 U.S. 491, 509-10 (1993). Missouri law provides that the surviving portions of an unconstitutional statute must be voided if they:

> are *so essentially and inseparably connected with, and so dependent upon, the void provision that it cannot be presumed the legislature would have enacted the valid provisions without the void one*; *or* … the court finds that the valid provisions, standing alone, are incomplete and are incapable of being executed *in accordance with the legislative intent*.

Mo. Rev. Stat. § 1.140 (emphasis added). The legislative history of S.B. 749, and text of § 376.1199 itself, confirm that the present version of § 376.1199 was enacted for "the protection of the religious beliefs and moral convictions of certain persons and entities." S.B. 749, 96th Gen. Assemb., 2d Reg. Sess. (Mo. 2012).[4] It is thus no stretch to believe that the legislature would not have passed S.B. 749 with only a contraceptive mandate, without exception. Further, here, the State, through its Attorney General, has indicated that the post-Judgment § 376.1199 is not consistent with Missouri legislative intent, and also that it is highly unlikely § 376.1199 would have been passed without the provisions stricken by the Court. (Doc. No. 77 at 8.) Plaintiffs

---

[3] While Plaintiffs continue to believe that the proposed intervenor Our Lady's Inn ("OLI") should not be permitted to intervene, as fully briefed, Plaintiffs note that amendment of the Judgment as set forth herein should address concerns raised by OLI. (*See, e.g.,* Doc. No. 78 at 4.)

[4] In addition to the new § 376.1199, S.B. 749 also added Section 191.724 to the Missouri Revised Statutes. Section 191.724 supports the conclusion that Missouri did not intend to require contraception, without exception, given the non-discrimination provisions that were enacted.

4

accept this representation by Defendant at face value.  Accordingly, subsection 1(4) should be stricken from § 376.1199.

For these reasons, Plaintiffs would not object if the Memorandum and Order, and accompanying Judgment, were amended to add the following language:

> The Court recognizes, however, that federal statutes and regulations have created and may in the future expand or create exemptions for some employers, permitting them to purchase policies that exclude contraceptive coverage. *See e.g.* 45 C.F.R. § 147.130(a)(1)(iv)(B)(1)-(4); 77 Fed. Reg. 8724, 8726 (Feb. 15, 2012); 76 Fed. Reg. 46621, 46623-24 (Aug. 3, 2011) (exempting religious employers); 45 C.F.R. § 147.140(c)(1) (exempting grandfathered health plans), and any "safe harbor" otherwise recognized by the federal government (*i.e., see* http://cciio.cms.gov/resources/files/prev-services-guidance-08152012.pdf) hereafter, collectively, the "Federal Exceptions").  Federal law on this subject, as previously indicated, trumps State law per the explicit provisions of the Constitution.  Thus, nothing in § 376.1199.1(4) should be read to effectively void the Federal Exceptions for qualifying entities.
>
> Given the Court's preemption findings as to subsections 4, 5, and 6(1), (2), and (3) of § 376.1199, given the language and purpose of § 376.1199 (S.B. 749) as a whole, and given the representations of Defendant regarding legislative intent, § 376.1199.1(4) is also declared preempted and stricken.  Stated another way, because § 376.1199.1(4) imposes obligations inconsistent with the Federal Exceptions, and is also contrary to the intent of the § 376.1199, as enacted, such as requiring contraception coverage in all cases when such coverage is not required under federal law, that subsection is preempted and stricken. *See Qwest*, 684 F.3d at 726; *de la Cuesta*, 458 U.S. at 153.
>
> Further, and in any case, the Court notes that the Missouri legislature is free to enact laws that require insurance carriers or providers in Missouri to offer health benefit plans without contraceptive coverage to those employers or entities that are exempt from federal contraception mandate requirements, such as those defined by federal regulation as "religious employers," but only of course to the extent not in conflict with federal law.

Plaintiffs do not agree with (or consent to) the language proposed by Defendant for the proposed amendment (Doc. No. 77 at 9), and thus have submitted their own proposal.  Specifically, the second sentence in the language proposed by Defendant contains inaccurate statutory references.  Defendant has informed counsel for Plaintiffs that the statutory reference

should be § 376.1199.1(4). In any case, even with the correction, the second sentence still remains in conflict with Defendant's rationale for seeking Rule 59 relief in that it suggests that the Missouri contraceptive mandate somehow can survive even where Federal exemptions apply, which is the problem Defendant argues should in fact be cured via its Rule 59 motion.

The third sentence of Defendant's proposed language is more problematic. It suggests, at worst, that Defendant can continue to enforce laws this Court found preempted, even where a Federal exemption applies. This Court has already rejected Defendant's argument on this issue. (Doc. No. 68 at 11.) At best, this proposed sentence suggests that Defendant can regulate Federal exemptions. There is no current authority of which Plaintiffs are aware that would supply Defendant with the power to do so.

Plaintiff would also point out that Defendant has yet to withdraw the administrative complaint as expected by this Court (Doc. No. 68 at 12), based upon Defendant's representation that an injunction was not necessary. Plaintiffs are attempting to resolve this issue with Defendant without judicial intervention.

## **Conclusion**

For the foregoing reasons, Plaintiffs do not object to the Judgment being amended as set forth above, to strike § 376.1199.1(4) and/or declare it preempted because of conflicting Federal law. Otherwise, the Judgment should not be disturbed in any respect.

Respectfully submitted,

**LEWIS, RICE & FINGERSH, L.C.**

By: /s/ Neal F. Perryman
    Neal F. Perryman, #43057MO
    David W. Gearhart, #50292MO
    600 Washington Avenue, Suite 2500
    St. Louis, Missouri 63101
    Telephone: 314-444-7600
    Facsimile: 314-612-7394
    E-mail: nperryman@lewisrice.com
    E-mail: dgearhart@lewisrice.com

*Attorneys for Plaintiffs*

**CERTIFICATE OF SERVICE**

       The undersigned certifies that a true and correct copy of the foregoing Response was filed electronically with the Clerk of Court and served by operation of the Court's electronic filing system upon the following on April 22, 2013:

Jeremiah Morgan
Deputy Solicitor General
PO Box 899
Jefferson City, MO 6510
jeremiah.morgan@ago.mo.gov

Attorneys for Defendant

Timothy Belz
Ottsen, Leggat and Belz, L.C.
112 South Hanley, Second Floor
St. Louis, Missouri 63105-3418
tbelz@omlblaw.com

Attorney for OLI

                                                                     /s/ Neal F. Perryman