IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI

| | | |
|---|---|---|
| MISSOURI INSURANCE COALITION, *et al.*, | ) ) ) | |
| Plaintiffs, | ) ) | No. 4:12 CV 2354 AGF |
| v. | ) ) | |
| JOHN M. HUFF, in his official capacity as Director of the Missouri Department of Insurance, Financial Institutions and Professional Registration, | ) ) ) ) ) ) ) | |
| Defendant. | ) | |

**SUPPLEMENTAL MEMORANDUM IN SUPPORT OF THE MOTION TO INTERVENE OF BICK HOLDINGS, INC., *ET AL.***

Intervenors Bick Holdings, Inc., Bick Group, Inc., Mary Frances Callahan, Mary Clare Bick, James Patrick Bick Jr., William Joseph Bick, Mary Patricia Davies, Joseph John Bick, Francis Xavier Bick, Mary Margaret Jonz, and Mary Sarah Alexander (collectively, "Intervenors" or "the Bick Intervenors"), by and through counsel, respectfully file this Supplemental Memorandum In Support Of The Motion To Intervene Of Bick Holdings, Inc., *Et Al.*, Doc. 80, and state as follows:

The Bick Intervenors gratefully acknowledge that the Court's amended judgment of May 22, 2013, affords substantially greater protection to their religious conscience rights than did the original judgment. *See* Doc. 90, at 12. To be sure, the amended Order does not preserve the express protections for conscience rights codified in Mo. Rev. Stat. § 376.1199.4. *See* Doc. 90, at 12. But because it facially invalidates the state contraceptive mandate in § 376.1199.1(4), the amended Order alleviates Intervenors' immediate concern that the State will enforce state law in

1

a manner that would effectively nullify the religious-freedom interests that Intervenors are suing to vindicate in parallel proceedings.

That said, the Bick Intervenors respectfully maintain that they are still entitled to intervene in this action, both as of right and permissively, under Rule 24 of the Federal Rules of Civil Procedure.  For the reasons stated in Intervenors' Memorandum and Reply Memorandum in support of their Motion To Intervene, Docs. 81, 87, Intervenors have Article III standing to participate in this case, they have a legally protectable interest in this action, their application to intervene was timely, they are not adequately represented by the existing parties, and they are "so situated that disposing of the action may as a practical matter impair or impede [Intervenors'] ability to protect [their] interest."  Fed. R. Civ. P. 24(a)(2).  Moreover, at least two practical considerations create an ongoing need for intervention by the Bick Intervenors.

First, in the event that any party should file an appeal from the Court's amended judgment, Intervenors are entitled to participate in such an appeal to protect their religious freedom under state law.  For example, there is a real prospect that the State may file an appeal to defend the validity of the state contraceptive mandate and a subset of the conscience protections.  The amended judgment declares the facial invalidity of a major piece of state legislation, and appealing such a judgment (though not mandatory) would be consistent with the Attorney General's statutory charge to defend the validity of state enactments.  *See, e.g., Missouri Health Care Ass'n v. Attorney General*, 953 S.W.2d 617, 621 (Mo. 1997); Mo. Rev. Stat. § 527.110.  In the event of such an appeal, the State will undoubtedly advance the position expressed in its Rule 59 Motion, in which the State represented to this Court that it will not seek to defend the conscience rights of for-profit employers on appeal. Doc. 77, at 1, 4.  At this time, Intervenors do not know whether the State will file an appeal, but they are not aware of any legal

2

barrier or binding commitment of the State that would prevent the filing of such an appeal. Intervenors should be allowed to intervene for the purpose of participating in an appeal filed by the State or any other party, should it occur.

Notably, Intervenors' interest in participating in this proceeding is not diminished by the entry of an amended judgment that is more favorable to their liberty interests than was the previous order.  Rule 24 permits intervention when the disposition of the action "*may* as a practical matter impair or impede the movant's ability to protect its interest." Fed. R. Civ. P. 24(a)(2) (emphasis added).  As the Eighth Circuit has noted, the existence of an adverse judgment actually impairing or impeding one's interest is not a requirement for intervention; rather, the possibility of such a judgment later in the proceedings satisfies the requirements of the Rule.  "Although the intervenor cannot rely on an interest that is wholly remote and speculative, the intervention may be based on an interest that is contingent upon the outcome of the litigation." *United States v. Union Elec. Co.*, 64 F.3d 1152, 1162 (8th Cir. 1995); *see also Jenkins v. Missouri*, 967 F.2d 1245, 1248 (8th Cir. 1991) ("The language of [Rule 24] itself contemplates that the affected party can intervene in proceedings that 'may' affect him before harm is done by execution of a court order.").  And an appeal in this case could result in a judgment adverse to Intervenors' interest.

Second, Intervenors are considering whether to file their own appeal or cross-appeal from the Court's amended Order, in order to address the merits of the judgment.  Though the amended Order invalidates the state contraceptive mandate of § 376.1199.1(4), thus protecting Intervenors from the prospect that the State will presently enforce that mandate to nullify their religious liberty interests, the Order also invalidates the express conscience protections of § 376.1199.4 *et seq*.  Those invalidated provisions would have afforded additional protection to Intervenors'

3

religious freedom, over and above exempting them from the state mandate.  *See* Reply Memorandum In Support of Motion To Intervene, Doc. 87, at 13 (noting that "neither [party's] position would preserve the explicit statutory protection that currently enacted state law confers on Intervenors' freedom of conscience").  For example, in addition to protecting them from the state mandate, the invalidated conscience protections would also have required private health insurance companies to respect Intervenors' conscience rights, by directing such insurers to offer contraceptive-free insurance options to religious objectors.  *See* Mo. Rev. Stat. § 376.1199.4(1) ("Any health carrier shall offer and issue to any person or entity purchasing a health benefit plan, a health benefit plan that excludes coverage for contraceptives if the use or provision of such contraceptives is contrary to the … religious beliefs or tenets of such person or entity.").  There is no conflict between federal law and this provision of state law as it applies to entities exempt from the federal mandate (under RFRA or otherwise).  In their proposed Response To Defendant's Motion To Alter Or Amend The Judgment, Intervenors requested a declaration that the express conscience protections enacted in § 376.1199.4 were not preempted as they applied to any entities exempt from the federal mandate under RFRA, the First Amendment, or any other source of federal law.  *See* Doc. 80, Ex. 4, at 10.  This narrower remedy would have preserved the express statutory protections that are now declared invalid, and that provided conscience protections to Intervenors above and beyond exempting them from the state mandate.  As noted above, Intervenors have standing to participate in this case under Article III and Rule 24, and this standing permits them to pursue the remedy most protective of their asserted interests, on the same footing as any other litigant.  *See Mausolf v. Babbitt*, 85 F.3d 1295, 1301-02 (8th Cir. 1996) (holding that proposed intervenors had Article III standing to defend the validity of a law designed to protect their interests); *Dimond v. District of Columbia*, 792 F.2d 179, 193 (D.C. Cir.

4

1986) (noting that, once the right to intervene is established, the intervenor is entitled to "participat[e] as a party in any future proceedings").  Intervenors have not made a decision at this time whether to file an appeal, and it is very possible that they will decide not to do so.  But Intervenors should be permitted to intervene under Rule 24 in order to preserve their right to file an appeal, should they decide to do so.

## **CONCLUSION**

For the reasons stated, the Bick Intervenors respectfully request that this Court grant their motion for leave to intervene.

Dated: May 30, 2013                              Respectfully submitted,

By:     /s/ Stephen R. Clark
CLARK & SAUER, LLC
Stephen Robert Clark, #41417
D. John Sauer, #58721
7733 Forsyth Blvd., Suite 625
St. Louis, MO  63105
Phone: (314) 814-8880
Fax:    (314) 332-2973
sclark@clarksauer.com
jsauer@clarksauer.com


Francis J. Manion (KY Bar No. 85594) (*)
Geoffrey R. Surtees (KY Bar No. 89063) (*)
AMERICAN CENTER FOR LAW &
    JUSTICE
PO Box 60
New Hope, KY 40052
Tel: (502) 549-7020
Fax: (502) 549-5252
fmanion@aclj.org
gsurtees@aclj.org

(*) *Pro hac vice pending*

## **CERTIFICATE OF SERVICE**

I hereby certify that on May 30, 2013, I electronically transmitted the foregoing document to the Clerk of the Court using the ECF System for filing.  Based on the electronic records currently on file, the clerk of the Court will transmit a Notice of Electronic Filing to the following ECF registrants:

Neal F. Perryman
LEWIS RICE
600 Washington
Suite 2500
St. Louis, MO 63101
314-444-7661
Fax: 314-612-7661
Email: nperryman@lewisrice.com

David W. Gearhart
LEWIS RICE
600 Washington
Suite 2500
St. Louis, MO 63101
314-444-1394
Fax: 314-612-1394
Email: dgearhart@lewisrice.com

Jeremiah J. Morgan
ATTORNEY GENERAL OF MISSOURI
Assistant Attorney General
P.O. Box 899
Jefferson City, MO 65102-0899
573-751-1800
Fax: 573-751-0774
Email: jeremiah.morgan@ago.mo.gov

John M. Reeves
ATTORNEY GENERAL OF MISSOURI
Assistant Attorney General
207 W. High Street
P.O. Box 899
Jefferson City, MO 65102
573-751-4692
Fax: 573-751-9456
Email: john.reeves@ago.mo.gov

Timothy Belz
OTTSEN, MAUZE, LEGGAT & BELZ LC
112 S. Hanley Road, Suite 200
St. Louis, MO 63105-3418
314-726-2800
Fax: 314-863-3821
Email: tbelz@omlblaw.com

Robert T. Haar
HAAR AND WOODS, LLP
1010 Market Street
Suite 1620
St. Louis, MO 63101
314-241-2224
Fax: 314-241-2227
Email: edmofiling@haar-woods.com

/s/ Stephen Robert Clark