UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MISSOURI INSURANCE COALITION, HEALTHY ALLIANCE LIFE INSURANCE COMPANY, and HMO MISSOURI, INC., <br><br>Plaintiffs,<br><br>v.<br><br>JOHN M. HUFF, in his capacity as Director of the Missouri Department of Insurance, Financial Institutions, and Professional Registration,<br><br>Defendant. | No.  4:12CV02354 AGF |

## MEMORANDUM AND ORDER

This matter is before the Court on the post-judgment motion to intervene filed by Our Lady's Inn.  The action was filed on December 19, 2012.  By Memorandum and Order dated May 22, 2013, the Court entered a declaratory judgment in favor of Plaintiffs (two health insurers in Missouri and an organization promoting Missouri health insurers' interests), declaring that certain sections of Missouri Revised Statutes § 376.1199, which became effective on October 12, 2012, were void under the Supremacy Clause of the United States Constitution because they were in direct conflict with the "contraceptive mandate" of the federal Patient Protection and Affordable Care Act ("Affordable Care Act"), 42 U.S.C. § 300gg-13, and its implementing regulations.  The state law required, among other things, that health insurers offer to any entity that opposed contraceptives based on moral, ethical or religious beliefs, a health benefit plan that did not provide for

coverage for contraceptives.  The Court concluded that an injunction was not needed, based on the representation of Defendant, who was charged with enforcing the state law, that he would only enforce § 376.1199 consistent with the scope of the Court's declaratory judgment ruling.  In its Order, this Court noted that health insurers in Missouri can offer health benefit plans that do not have contraceptive coverage, to entities that are excepted or exempt from the federal contraceptive mandate, and that entities exempted from the federal contraceptive mandate are not precluded from purchasing policies without contraceptive coverage.

Prior to issuing its ruling, the Court denied the motion to intervene filed on January 24, 2013, by Our Lady's Inn, a nonprofit corporation that provides services to pregnant women as an alternative to abortion, and that objects to the use of contraceptives.  (Doc. No. 45.)  Our Lady's Inn is exempt from the contraceptive mandate of the Affordable Care Act.  The Court found Our Lady's Inn's argument, namely that it had standing to intervene because if Plaintiffs were successful in the action, insurance providers will be able to force companies that the federal government has exempted from the contraceptive mandate into providing contraceptive coverage, to be without merit.  The Court explained that the action did not relate to companies that the Affordable Care Act exempts from the federal contraception coverage requirement.

In addition the Court found that Our Lady's Inn's motion to intervene was not timely filed, and that granting the motion would cause undue delay to Plaintiffs' prejudice.  The Court, however, allowed Our Lady's Inn to file an amicus brief, which the Court fully considered before issuing its decision.

Our Lady's Inn now seeks to intervene as of right so that it can appeal the Court's May 24, 2013 Declaratory Judgment.  In its supplemental memorandum in support of its second motion to intervene, Our Lady's Inn argues that the Court's decision denied "Our Lady's Inn the protection intended and provided by the Missouri legislature - the right to make sure that health insurance companies provide policies that conform to the rights of Our Lady's Inn under federal law."  (Doc. No. 93 at 2.)

Our Lady's Inn states that Defendant may not appeal the Court's May 24, 2013 Judgment, and even if he did, Defendant would not represent the interests of Our Lady's Inn on appeal.  Our Lady's Inn reports that it was successful in obtaining health insurance without coverage for contraceptives in May 2012, but that in the wake of the Court's decision, Our Lady's Inn faces the "likely resumption of non-cooperation should the Court's order not be successfully challenged." *Id*. at 3.

Alternatively, Our Lady's Inn seeks permissive joinder, arguing that there would be no resulting delay should the post-judgment motion to intervene be granted.

Under Federal Rule of Civil Procedure 24(a)(2), a party is entitled to intervene as of right if (1) it has a cognizable interest in the subject matter of the litigation; (2) the interest may be impaired as a result of the litigation; and (3) the interest is not adequately protected by the existing parties to the litigation.  The intervenor must satisfy all three parts of the test.  *Chiglo v. City of Preston*, 104 F.3d 185, 188 (8th Cir. 1997).  Factors relevant to a determination of timeliness include "how far the litigation had progressed at the time of the motion for intervention, the prospective intervenor's prior knowledge of the pending action, the reason for the delay in seeking intervention, and the likelihood of

3

prejudice to the parties in the action." *Minn. Milk Producers Assoc. v. Glickman*, 153 F.3d 632, 646 (8th Cir. 1998).

Rule 24(b) permits the court to grant intervention upon a timely motion to intervene when the applicant has "a question of law or fact in common" with the underlying litigation. Whether to grant permissive intervention rests within the court's discretion. *S.D. ex rel. Barnett v. U.S. Dep't of Interior*, 317 F.3d 783, 788 (8th Cir. 2003). "The principle consideration in ruling on a 24(b) motion is whether the proposed intervention would unduly delay or prejudice the adjudication of the [original] parties' rights." *Id.* at 787.

Moreover, a party seeking to intervene as of right or permissively must establish Article III standing in addition to the requirements of Rule 24, a requirement that "must be met by persons seeking appellate review just as it must be met by persons appearing in courts of first instance." *Hollingsworth v. Perry*, 570 U.S. ___ (June 26, 2013). To demonstrate standing, the proposed intervenor must "prove that he has suffered a concrete and particularized injury that is fairly traceable to the challenged conduct, and is likely to be redressed by a favorable judicial decision." *Id.* The claimed injury must "imminent" and not too speculative. *United States v. Metro. St. Louis Sewer Dist.*, 569 F.3d 829, 833-34 (8th Cir. 2009) (citations omitted). In addition, "[t]he general rule is that motions for intervention made after entry of final judgment will be granted only upon a strong showing of entitlement and of justification for failure to request intervention sooner." *Minn. Milk Producers Assoc.*, 153 F.3d at 646.

The Court concludes that Our Lady's Inn's argument for intervention is largely based on the speculative concern that in the future Our Lady's Inn may not be able to obtain health insurance without contraception coverage, i.e., health insurers may decide not to offer any plans without contraception coverage, even to those entities that are exempt from the federal contraception mandate.  Furthermore, the Court concludes that Our Lady's Inn did not meet the burden of showing that Defendant, in seeking to uphold the validity of § 376.1199, did not adequately represent the interests of Our Lady's Inn and similarly situated entities.  Our Lady's Inn has not pointed to any arguments Defendant did not advance.  Even if Defendant decides not to appeal, or only to appeal certain aspects of the Court's decision, this does not show inadequate representation of the interests of Our Lady's Inn.

Further, intervention was denied previously, based in part, on Our Lady's Inn's unreasonable delay in filing its request to intervene.  It would contravene this Court's order and reward Our Lady's Inn for its own dilatory conduct were it now permitted to intervene and appeal the Judgment in the case, especially as the matter has now been litigated on the merits, without Our Lady's Inn's positions being tested by the adversarial process.  Our Lady's Inn does not suggest that it was unaware of this litigation, which the Court notes received substantial media coverage.

In sum, the Court concludes that Our Lady's Inn does not have Article III standing or a cognizable interest in the subject matter of the present lawsuit, especially at this stage of the case. *See Hollingsworth*, 570 U.S. at ___ (holding that the official proponents of a state voter-enacted constitutional amendment did not have standing to appeal a district

court's order declaring the amendment unconstitutional and enjoining the state officials named as defendants from enforcing it, where the state officials chose not to appeal the district court's order); *Chiglo,* 104 F.3d at 188 (affirming the denial of a motion to intervene where the movant did not rebut the presumption that the municipal defendant adequately represented the public's interest, including movant's, where the defendant did not appeal the district court's decision invalidating an ordinance); *Little Rock Sch. Dist. v N. Little Rock Sch. Dist.*, 378 F.3d 774, 780 (8th Cir. 2004) ("We presume that the government entity adequately represents the public, and we require the party seeking to intervene to make a strong showing of inadequate representation."); *S. Utah Wilderness Alliance v. Kempthorne*, 525 F.3d 966, 969-70 (10th Cir. 2008) (affirming the denial of post-judgment intervention for purposes of filing an appeal where there was no indication that the losing party did not adequately represent the proposed intervenors' interests).[1]

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that the post-judgment motion of Our Lady's Inn to intervene is **DENIED**.  (Doc. No. 71.)

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 28th day of June, 2013.

---

[1]  If Our Lady's Inn decides to appeal this Order, the Court assumes that the Eighth Circuit will have the opportunity to consider whether it wishes to grant intervention and permit a notice of appeal to be filed, even if no appeal of this Court's Judgment on the merits is filed by one of the current parties.