UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MISSOURI INSURANCE COALITION, HEALTHY ALLIANCE LIFE INSURANCE COMPANY, and HMO MISSOURI, INC., | ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) No.  4:12CV02354 AGF ) ) |
| JOHN M. HUFF, in his capacity as Director of the Missouri Department of Insurance, Financial Institutions, and Professional Registration, | ) ) ) ) ) ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on the post-judgment motion to intervene filed by Bick Holdings, Inc., Bick Group, Inc., Mary Frances Callahan, Mary Clare Bick, James Patrick Bick Jr., William Joseph Bick, Mary Patricia Davies, Joseph John Bick, Francis Xavier Bick, Mary Margaret Jonz, and Mary Sarah Alexander (collectively, "the Bick Group").  For the reasons set forth below, this motion shall be denied.

This action was filed on December 19, 2012.  On May 22, 2013, the Court entered an amended Memorandum and Order and Declaratory Judgment in favor of Plaintiffs (two health insurers in Missouri and an organization promoting Missouri health insurers' interests), declaring that certain sections of Missouri Revised Statutes § 376.1199, which became effective on October 12, 2012, were void under the Supremacy Clause of the

United States Constitution because they were in direct conflict with the "contraceptive mandate" of the federal Patient Protection and Affordable Care Act ("Affordable Care Act"), 42 U.S.C. § 300gg-13, and its implementing regulations. The state law required, among other things, that health insurers offer to any entity that opposed contraceptives based on moral, ethical, or religious beliefs, a health benefit plan that did not provide for coverage for contraceptives. The Court concluded that an injunction was not needed, based on the representation of Defendant, who was charged with enforcing the state law, that he would only enforce § 376.1199 consistent with the scope of the Court's declaratory judgment ruling. The Court noted that under its ruling, health insurers in Missouri could offer health benefit plans that do not have contraceptive coverage to entities that are excepted or exempt from the federal contraceptive mandate, and such entities would not be precluded from purchasing policies without contraceptive coverage.

  The Bick Group are for-profit entities and individuals with a controlling interest in those entities who object on religious grounds to providing health insurance coverage for contraceptives, and who have filed suit against the federal government invoking the protection of the Religious Freedom Restoration Act ("RFRA") and the Free Exercise Clause, seeking relief from the federal contraceptive mandate. That lawsuit, *Bick Holdings, Inc. v. United States Department of Health & Human Services*, No. 4:13CV00462 AGF, is currently pending before this Court. On April 1, 2013, on the joint request of the parties, the Court preliminarily enjoined enforcement of the federal contraceptive mandate against the Bick Group and stayed the case pending resolution by United States Court of Appeals for the Eighth Circuit of two appeals in similar cases.

In support of their motion to intervene, the Bick Group argues that they have Article III standing to participate in the present case at the appeal level, that they have a legally protectable interest in this action, that their application to intervene was timely, that they are not adequately represented by the existing parties, and that they are "so situated that disposing of the action may as a practical matter impair or impede their ability to protect their interest."  They acknowledge that the Court's May 23, 2013 Memorandum and Order and Declaratory Judgment alleviate their "immediate concern that the State will enforce state law in a manner that would effectively nullify the religious-freedom interests that [the Bick Group] are suing to vindicate in parallel proceedings."

Nevertheless, the Bick Group argues that "in the event that any party should file an appeal" from the Court's judgment, the Bick Group is "entitled to participate in such an appeal to protect their religious freedom under state law."  The Bick Group speculates further that if Defendant files an appeal, he will not "seek to defend the conscience rights of for-profit employers."  The Bick Group also asserts that it is considering whether to file their own appeal or cross-appeal from the Court's Declaratory Judgment.  (Doc. No. 92.)

Under Federal Rule of Civil Procedure 24(a)(2), a party is entitled to intervene as of right if (1) it has a cognizable interest in the subject matter of the litigation; (2) the interest may be impaired as a result of the litigation; and (3) the interest is not adequately protected by the existing parties to the litigation.  The intervenor must satisfy all three parts of the test.  *Chiglo v. City of Preston*, 104 F.3d 185, 188 (8th Cir. 1997).  Factors

3

relevant to a determination of timeliness include "how far the litigation had progressed at the time of the motion for intervention, the prospective intervenor's prior knowledge of the pending action, the reason for the delay in seeking intervention, and the likelihood of prejudice to the parties in the action." *Minn. Milk Producers Assoc. v. Glickman*, 153 F.3d 632, 646 (8th Cir. 1998).

Rule 24(b) permits the court to grant intervention upon a timely motion to intervene when the applicant has "a question of law or fact in common" with the underlying litigation. Whether to grant permissive intervention rests within the court's discretion. *S.D. ex rel. Barnett v. U.S. Dep't of Interior*, 317 F.3d 783, 788 (8th Cir. 2003). "The principle consideration in ruling on a 24(b) motion is whether the proposed intervention would unduly delay or prejudice the adjudication of the [original] parties' rights." *Id.* at 787.

Moreover, a party seeking to intervene as of right or permissively must establish Article III standing in addition to the requirements of Rule 24, a requirement that "must be met by persons seeking appellate review just as it must be met by persons appearing in courts of first instance." *Hollingsworth v. Perry*, 570 U.S. ___ (June 26, 2013). To demonstrate standing, the proposed intervenor must "prove that he has suffered a concrete and particularized injury that is fairly traceable to the challenged conduct, and is likely to be redressed by a favorable judicial decision." *Id.* The claimed injury must "imminent" and not too speculative. *United States v. Metro. St. Louis Sewer Dist.*, 569 F.3d 829, 833-34 (8th Cir. 2009) (citations omitted). As particularly relevant here, "[t]he general rule is that motions for intervention made after entry of final judgment will be

4

granted only upon a strong showing of entitlement and of justification for failure to request intervention sooner." *Minn. Milk Producers Assoc.*,153 F.3d at 646.

      The Court concludes that the Bick Group does not have Article III standing or a cognizable interest in the subject matter of the present lawsuit, especially at this stage of the case.  Rather, the Bick Group's interests in intervening at this point are at best speculative and insubstantial.  The Court discerns no purpose to interject into this case the arguments that the Bick Group presents in its own lawsuit under RFRA and the Constitution.   At issue in this case was the significant concern that insurers were being placed in an uncertain and precarious position in light of the conflicting state and federal statutory mandates.  The case was not about whether the federal statute conflicted with the RFRA as to entities such as the Bick Group.  Nevertheless, the state vigorously represented the interests of all persons, including entities such as the Bick Group, and there is nothing in the record to suggest otherwise.  Permitting intervention at this time, should Defendant choose not to appeal, would serve to re-interject uncertainty as to how insurers are to comply with state and federal law.  The Bick Group is not even sure that it would appeal if Defendant did not.[1]

      As the Bick Group recognizes, this Court's amended Declaratory Judgment does not affect the rights of entities in Missouri not subject to the federal contraceptive mandate, to purchase health insurance without contraceptive coverage.  Currently, an injunction is in place enjoining enforcement of the federal mandate against the Bick

---

[1] The Bick Group does not suggest that they were unaware of this litigation, which the Court notes received substantial media coverage.

Group. If the Bick Group is successful in their own lawsuit, they would not be subject to the federal contraceptive mandate. And they have not suggested how any arguments they might raise on appeal in this case would help them if they are unsuccessful in their own lawsuit.

Nor have the Bick Group suggested how this Court's amended Declaratory Judgment might negatively impact their position in their case. The Bick Group's lack of standing persists even if Defendant decides not to appeal, or only to appeal certain aspects of the Court's decision. *See Hollingsworth*, 570 U.S. at ___ (holding that the official proponents of a state voter-enacted constitutional amendment did not have standing to appeal a district court's order declaring the amendment unconstitutional and enjoining the state officials named as defendants from enforcing it, where the state officials chose not to appeal the district court's order); *Chiglo,* 104 F.3d at 188 (affirming the denial of a motion to intervene where the movant did not rebut the presumption that the municipal defendant adequately represented the public's interest, including movant's, where the defendant did not appeal the district court's decision invalidating an ordinance); *Little Rock Sch. Dist. v. N. Little Rock Sch. Dist*., 378 F.3d 774, 780 (8th Cir. 2004) ("We presume that the government entity adequately represents the public, and we require the party seeking to intervene to make a strong showing of inadequate representation."); *S. Utah Wilderness Alliance v. Kempthorne*, 525 F.3d 966, 969-70 (10th Cir. 2008) (affirming the denial of post-judgment intervention for purposes of filing

an appeal where there was no indication that the losing party did not adequately represent the proposed intervenors' interests).[2]

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that the post-judgment motion of the Bick Group to intervene in this case is **DENIED**. (Doc. No. 80.)

*[signature]*
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 28th day of June, 2013

---

[2] If the Bick Group decides to appeal this Order, the Court assumes that the Eighth Circuit will have the opportunity to consider whether it wishes to grant intervention and permit a notice of appeal to be filed to hear the Bick Group, even if no appeal of this Court's decision on the merits is filed by one of the current parties.